## William H. Edwards and George C. Sanborn v. Stephen Hughes, et al.

*Attaching partnership property.* An attachment against partnership property under the statute relating to proceedings against debtors, by attachment,—*Comp. Laws ch. 140,*—is unauthorized unless grounds for issuing the writ exist against all the partners. Nor may the separate property of one partner be seized, unless a good cause for issuing the writ is shown against the owner of such separate property.—*Laws of 1861, p. 480.*

*Dissolution of attachment: Partners.* A partner, not implicated in the grounds on which a writ of attachment has been issued and partnership property seized, is entitled to have the attachment dissolved and the property restored to him.

*Heard April 21 and 22. Decided April 26.*

*Certiorari:* To C. E. McAlester, Esquire, Circuit Court Commissioner for the County of Genesee, to review proceedings before him for the dissolution of an attachment.

*H. Joslin* and *J. J. Wheeler,* for plaintiffs in error.

*Fenton & Newton,* for defendants in error.

COOLEY, J.

Edwards and Sanborn sued out an attachment from the Circuit Court for the County of Genesee, against Hughes, Reams and Williams, who, as partners had become indebted to them. The affidavit for attachment was made by Sanborn, and it alleged that the affiant had reason to be-

20 MICH.—K².

lieve and did believe, that the said defendants were about to dispose of certain of their property with intent to defraud their creditors. Considerable property belonging to Hughes and Reams was seized by virtue of the writ, but Williams it seems had ceased to be a partner with the other defendants, and no service was made upon him or his property. Hughes petitioned the Circuit Court Commissioner for a dissolution of the attachment, claiming to have acquired all the right of Reams in the property, by purchase, since the attachment. On a hearing before the Commissioner, the plaintiffs were able to show strong grounds for an attachment as against Reams, but none at all as against the other defendants. The Commissioner dissolved the attachment, and the plaintiffs removed the proceedings to this Court by *certiorari*.

The plaintiffs claim that the proceedings should be reversed, because, among other reasons, Hughes could not lawfully apply for a dissolution of the attachment without joining his co-defendants with him, or at least the other defendant whose property was taken. Hughes, on the other hand, claims that an attachment which proceeds against three persons, as guilty of a contemplated joint fraud, where two of them are wholly innocent, is entirely unwarranted, and that either of the innocent parties is at liberty to apply separately to have the wrong which is done him corrected.

The statute governing this case is to be found in the *Session Laws of 1861, p. 480*, and is an amendment of § *4771* of the *Compiled Laws*. It reads as follows:

" (4771) Sec. 30. When two or more persons are jointly indebted as joint obligors, partners, or otherwise, and an affidavit shall be made, as provided in section two of this chapter, so as to bring one or more of such joint debtors within its provisions, and amenable to the process of attachment, then the writ of attachment shall issue against the property and effects of such as are so brought within the

provisions of said section; and the officers shall be also directed in said writ to summon all such joint debtors as may be named in the affidavit attached thereto, to answer to the said action as in other cases of attachment."

It will be seen from this section that when the plaintiff is able to make a case against one of several debtors, whether they are indebted as partners or otherwise, he is not to allege a joint wrong by them all, but must set forth his case in the affidavit according to the facts. There is good reason and plain justice in this statute, since otherwise, the party who has the misfortune to be joined in the same legal obligation with a dishonest person, may himself be subjected, not only as to his property owned jointly with the other, but as to his individual property also, to all the inconveniences and rigorous treatment to which he could have been made liable if personally guilty of the like dishonesty. On the writ in question, the Sheriff had the same authority to take the individual property of Hughes and Williams, as to take that of Reams; and such a writ is not permissible under this statute.

And, we think Hughes, as a party aggrieved by the issuing of the writ, had a right to have it set aside. Williams, not being served, could not join with him, and a good cause for the writ being made out as against Reams, it was, at least, proper that he should not join. It is objected by the plaintiffs, that the result would be that the whole property would be restored to Hughes, when at the time of the attachment he was part owner only; and the Court cannot, it is said, on such a proceeding inquire into the *bona fides* of his pretended purchase from Reams. It seems to us a sufficient answer, that at the time the writ was sued out, Hughes, as against any unauthorized writ, was entitled as partner to the possession of all the partnership property. It does not appear from the Sheriff's proceedings that any individual property of Reams was attached.

We think the proceedings should be affirmed with costs.

The other Justices concurred.