## AMELIA GEIGES v. ROBERT GREINER ET AL.

*Attachment—Affidavit—Joint defendants—Execution—Delay before levy—Ejectment—Homestead.*

1. An affidavit for attachment against *two* defendants, which avers that said defendants (naming them) are justly indebted to the plaintiff, is sufficient to support evidence of a *joint* indebtedness, and is a sufficient compliance with the statute.
2. A delay of two months in levying an execution, after legally issuable, is not unreasonable, and will not release an attachment levy.
3. An equitable title cannot be set up against the legal title in an action of ejectment.
4. Where the owner of two city lots supposed she had erected her dwelling-house upon one of them, as did all parties interested, but the building was found to encroach a few inches upon the other lot, which was sold on an execution against her, her homestead rights will be protected, and to that end the *supposed* division line will be treated as the *true* one.
5. Where the owner of two city lots forming one enclosure, with no visible line of separation, erected a dwelling-house upon both lots, which she occupied as her homestead, and the entire premises did not exceed in value the sum of $1,500, and were used and occupied as one lot, such homestead must be held as embracing both of the so-called lots.

68 153
71 286

68 153
83 327

68 153
89 232

68 153
108 622

68 153
138 412

68 153
143 307

68 153
145 223

Error to Kent. (Montgomery, J.)  Argued October 18,
1887.  Decided January 12, 1888.

Ejectment.  Plaintiff brings error.  Reversed, and judg-
ment entered for plaintiff, and record remanded, etc.  The
facts are stated in the opinion.

*Taggart & Denison,* for appellant.

• *Fletcher & Wanty,* for defendants.  .

MORSE, J.  This is an action of ejectment, tried in the
Kent circuit court before Judge R. M. Montgomery without
a jury, and judgment rendered for the defendants.

The findings of fact show that for some years before June
3, 1878, the defendant Sally Kleinlogel held the legal title
to the premises, which consisted of two city lots, as platted,
No. 235 and No. 245 of the Kent plat, so called, in the city
of Grand Rapids.  She was then, and had been, a widow,
and occupied a dwelling situated on said premises as the
residence of herself and some of her children.  On that day
she conveyed the whole of said premises by quitclaim deed
to her five children, to wit, Theodore, Louise, Albert,
Charles, and Amelia, who were her only heirs at law.  Louise
is now the wife of the defendant Robert Greiner, and Amelia
is the plaintiff in this suit.  Plaintiff is now the owner of
16–25 of the title conveyed by said deed, and brings this suit
to recover possession thereof.

Sally Kleinlogel, the mother, continued to reside in this
dwelling-house as a home for herself and her children until
January 6, 1885, when the defendant Robert Greiner
assumed possession.  After this date, Mrs. Kleinlogel lived
on the premises as a tenant of Greiner, and denying plaint-
iff's title.

Greiner claims the entire title of the premises under
attachment proceedings, and judgment, levy, and sale therein.
The attachment suit was commenced April 20, 1878, by

William H. Sheller, in the Kent circuit, against the said Sally Kleinlogel and one William F. Neuhoff, and upon the same day a levy under the writ was duly made upon the lots. Mrs. Kleinlogel appeared and defended the suit. October 21, 1878, judgment was rendered in favor of the plaintiff for $277.30. On that day stay of proceedings was entered for 30 days. No further stay was granted. Execution upon this judgment was issued November 30, 1878; and on the thirtieth of January, 1879, the writ was levied upon the property; and on the twenty-second day of September, 1883, the premises were sold by the sheriff under said levy, to one Adolph Leitelt, for the sum of $400, each lot being sold separately for $200.

After the expiration of the time for redemption, and on the sixth day of January, 1885, the sheriff executed a deed of the lots to Robert Greiner, who was the assignee of Leitelt.

The circuit judge found, as a matter of law, that the sheriff's deed vested the whole title in Greiner, and that lot No. 235 was not exempt, at the time of the levy, as the homestead of Sally Kleinlogel.

The counsel for the plaintiff attack the attachment proceedings, but we think they were regular and valid. In the affidavit for the writ it was not expressly stated that the indebtedness of the defendants was a joint one; but it avers—

"That Sally Kleinlogel and William F. Neuhoff, the defendants named in the annexed writ of attachment, are justly indebted to him."

We think this sufficient to support evidence of a joint indebtedness, and a sufficient compliance with the statute.

The delay in levying execution from November 30, 1878, until January 30, 1879, was not unreasonable, and did not release the attachment levy.

The plaintiff offered testimony to show that, while the

legal title was in Mrs. Kleinlogel, she in fact held it in trust for the children, to whom it equitably belonged. It was rejected, and properly so. An equitable title cannot be set up against the legal title in an action of ejectment. *Ryder v. Flanders*, 30 Mich. 336; *Whiting v. Butler*, 29 Id. 122; *Conrad v. Long*, 33 Id. 78; *Harrett v. Kinney*, 44 Id. 457 (7 N. W. Rep. 63).

But we do not consider the sale legal as regards the homestead occupied by Mrs. Kleinlogel at the time of the attachment levy and at the time of the sale. The circuit court finds that—

" The said two lots are adjacent to each other, both fronting on Kent street, and together form one inclosure, there being no fence or visible line of separation between them. Said dwelling is mainly on lot 235, the south lot; but the north wall, being of brick, encroaches on lot 245 from eight to eleven inches. The house was erected by Sally Kleinlogel, and was by her intended to be built entirely upon the south lot. She and all the parties to the suit supposed that the house was entirely on the south lot, and resided therein as above set out, all continuously so supposing, until after the first trial of this cause. The sheriff who made the sale also so supposed."

It is now contended that because the widow made this mistake of a few inches in relation to the boundary line between these two lots, which mistake was shared by all the parties interested in this controversy, she must lose all homestead rights in the premises.

This holding would be against justice and equity, as well as against the liberal rule prevailing in favor of homestead exemptions. For the purposes of this suit, the supposed line must be considered as the true line between these lots. The sheriff's deed, therefore, failed to convey any title to the homestead then occupied by the widow, and she had a perfect right after the attachment levy to deed it to her children.

The defendant Greiner cannot be allowed, as the assignee

of Leitelt, the execution purchaser, to acquire more land in the south or homestead lot than he supposed he was buying, especially when such holding would destroy a homestead right of which he had full notice.

The majority of the Court are also of the opinion that under the circumstances of this case, as found by the circuit judge, the homestead of Mrs. Kleinlogel must be considered as embracing both of the so-called lots. The size of the lots does not appear, but they have always formed one inclosure, with no visible line of separation between them. The whole premises do not equal in value the amount of the homestead exemption under the statute, and the same was used and occupied as one lot. The size of the lots does not appear, but the location of the dwelling inclines the Court to the belief that she is entitled to the whole inclosure as a homestead.

Judgment will therefore be entered here in favor of the plaintiff for the whole premises, with costs of both courts, and the record will be remanded for such further proceedings as may be desired to be taken under the statute.

SHERWOOD, C. J., and CAMPBELL, J., concurred. CHAMPLIN, J., did not sit.