PORTER L. SWORD AND CHARLES D. SWORD v. VICTOR H. LANE, CIRCUIT JUDGE OF LENAWEE COUNTY

*Attachment—Sufficiency of affidavit—Allegation of indebtedness.*

An allegation in an affidavit for a writ of attachment that two defendants, naming them, "are justly indebted" to the plaintiffs, imports a *joint* indebtedness, and the after averment that such debt is due from *one* of said defendants necessarily avers that it is due from *both*.

*Mandamus.* Submitted June 26, 1888. Denied July 11, 1888.

Relators apply for *mandamus* to dismiss attachment proceedings for a defect in the affidavit. The facts are stated in the opinion

*Watts & Smith,* for relators.

*A. L. Millard,* for respondent.

SHERWOOD, C. J. Relators apply for a *mandamus* requiring the respondent to dismiss a writ of attachment and all proceedings taken thereunder, on the ground that the ·affidavit upon which the writ was based is insufficient.

The plaintiffs in the attachment were four persons, composing the firm of H. Brewer & Co., and residents of the

county of Lenawee.    The defendants in the attachment.
are the relators in this case.    The affidavit for the writ
was made by Herbert E. Stout, one of the members of
said firm, and reads as follows:

"Herbert E. Stout, of said county, being duly sworn,
deposes and says that he is a member of the firm of H.
Brewer & Co.; that said firm is composed of Albert Brewer,
Hudson W. Conklin, himself, Herbert E. Stout, and the
said Hendrick Heeson; and that Porter L. Sword and
Charles D. Sword are justly indebted to the said Albert·
Brewer, Hudson W. Conklin, Herbert E. Stout, and the
said Hendrick Heeson, composing the firm aforesaid, in
the sum of seven thousand ($7,000) dollars as near as may
be, over and above all legal set-offs (and that the same is now
due to the said Albert Brewer, Hudson W. Conklin, Her-
bert E. Stout, and Hendrick Heeson from the said Porter
L. Sword upon expressed contract); and deponent further
says that he knows that the said Porter L. Sword and
Charles D. Sword are not residents of the State, and
neither of them have resided in this State for three months
immediately preceding the time of making this affidavit,.
to wit, the seventeenth day of December; and that the
said Porter L. Sword and Charles D. Sword have property
in this Lenawee county subject to attachment; and fur-
ther deponent saith not.

"Subscribed and sworn to before me this 17th day of
December, 1887.                      JOHN E. BIRD,
              "Notary Public in and for Lenawee county."

The writ that was issued upon the filing of this affidavit.
was served by the deputy-sheriff by seizing the personal
property belonging to defendants situate then in the
county.    No personal service was made of the writ on
either of the defendants.    Publication was had under the
statute, and at the proper time plaintiffs filed their decla-
ration, and are now proceeding to judgment in said
cause.    The property taken was duly appraised at the
value of $300.

On April 19, 1888, defendants appeared specially by
their attorneys, and moved the court to set aside the·

writ and all the proceedings in the case, for the reason that the court had no jurisdiction to issue the writ; that no affidavit such as is required by law was made or annexed thereto, or presented to the clerk of the court before or at the time of its issue. This motion was heard and denied in the circuit court. The same grounds are relied upon here for the order asked.

It is claimed by counsel that the affidavit does not allege that there was any debt due against Charles D. Sword upon express or implied contract; that it is at least doubtful whether it contains such an allegation, and it is therefore within the case of *Wilson v. Arnold,* 5 Mich. 103. The counsel further claim that the fact that the allegation in this regard is expressly limited to Porter L. Sword fairly imports that it was not due as against Charles Sword.

I have not been able to take the same view of the question presented as do the relators' counsel. The language of the affidavit "that Porter L. Sword and Charles D. Sword are justly indebted to the said" plaintiffs named, imports a joint indebtedness, and until the contrary appears the common acceptation of the meaning of the terms should be applied. See 1 Pars. Cont. 11, 12, and cases cited; *York v. Peck,* 14 Barb. 644; *Miller v. Circuit Judge,* 41 Mich. 426; 1 Wait's Act. & Def. 76; *Geiges v. Greiner,* 68 Mich. 153 (36 N. W. Rep. 48). Any other construction of the language used might be accompanied with great mischief. If this construction is placed upon the language of the affidavit, that the indebtedness is joint, then it necessarily follows that when such indebtedness became due against one it must have been due against the other.

This disposes of both grounds of the motion in favor of respondent, and the writ must be denied.

CHAMPLIN, CAMPBELL, and LONG, JJ., concurred.