COTTRELL *v.* HATHEWAY.

1. ATTACHMENT—JOINT DEBTORS—DISSOLUTION.

Plaintiff in attachment against two defendants jointly on the ground of a fraudulent disposition or concealment of their property must, in order to sustain the writ upon an application for its dissolution, show joint action on their part, under 2 How. Stat. § 8015, authorizing the issuance of a writ of attachment against the property and effects of such of two or more joint debtors as are brought within the provisions of section 7987, prescribing the circumstances under which the writ may issue in general.

2. SAME—SUFFICIENCY OF APPLICATION.

An application for the dissolution of an attachment by one of the defendants, alleging that she has not assigned, disposed of, or concealed, or attempted to assign, dispose of, or conceal, her property, or any portion thereof, with intent to defraud her creditors, is sufficent to cover all property owned by her, whether individually or jointly with a codefendant.

*Certiorari* to Macomb; Eldredge, J. Submitted January 9, 1896. Decided March 24, 1896.

Attachment proceedings by William Cottrell against Gilbert Hatheway and Eveline L. Hatheway. From a judgment dissolving the attachment on petition of Eveline L. Hatheway, plaintiff brings *certiorari*. Affirmed.

*James G. Tucker* (*Byron R. Erskine*, of counsel), for plaintiff.

*Mark Norris*, for defendant Eveline L. Hatheway.

LONG, C. J.   Application for dissolution of attachment.

On June 23, 1893, the plaintiff sued out a writ of attachment in the circuit court of Macomb county against the defendants for an indebtedness of $3,607.58, contracted in July and November, 1891.   The attachment was levied the same day on the lands of the defendant Eveline L. Hatheway situate in that county.   The affidavit upon which the attachment issued was in the usual form, and alleged that—

"The plaintiff has good reason to believe, and does believe, that the defendants, Gilbert Hatheway and Eveline L. Hatheway, have assigned, disposed of, and concealed, and are about to assign, dispose of, and conceal, their property, with intent to defraud their creditors."

Eveline L. Hatheway, on November 7, 1893, filed a petition for the dissolution of said attachment, with one of the circuit court commissioners of that county.   The petition, which was duly verified, alleged, as ground for the dissolution, that—

"At no time, either prior to the issuing of said writ or subsequent thereto, has this deponent assigned, disposed of, or concealed, or attempted to assign, dispose of, or conceal, her property, or any portion thereof, with intent to defraud her creditors; that the property seized under said writ of attachment is the property of this deponent, and that the said Gilbert Hatheway has no interest therein of any kind; and that no property of the said Gilbert Hatheway was seized under said writ of attachment."

Upon the filing with the commissioner of said petition, a citation was issued, returnable on November 24th, and an attempt was made to serve the same upon the plaintiff. On the return day the plaintiff did not appear, and the commissioner entered an order in his docket reciting that there had been no legal service of the citation; and there-

upon, without further showing, issued another citation, returnable December 5th following. Service of. this citation was made on the plaintiff, and, on the return day, he not appearing, the commissioner entered an order dissolving the attachment, with costs. On December 8th following, the plaintiff took a special appeal to the circuit court for said county, from the action of said commissioner, upon several grounds, which we need not here set out. The special appeal was argued at the April term of said court, 1894, and, no error being found by that court, the proceedings before the commissioner were in all things affirmed, and the cause ordered to stand for trial on the merits. At the January term, 1895, the cause was brought on for trial before a jury, and at the conclusion of the testimony the court directed a verdict in favor of the defendants. The court stated its reasons therefor as follows:

"In this matter, the burden was upon the plaintiff to establish by proof the existence of the facts alleged in the affidavit for attachment in the cause; that is, he is required to show that, not only were the defendants, Gilbert Hatheway and Eveline L. Hatheway, jointly indebted to him, but also that they assigned, disposed of, and concealed their property, with intent to defraud their creditors, or that they were, at the time of making the affidavit, about so to do with that intent. Construing the affidavit, as I feel compelled to do by the law as I understand it, as alleging not only a joint indebtedness, but alleging joint action or intended action on the part of both defendants, as to their joint property, with a common intent on their part to defraud creditors, and being of the opinion that the plaintiff in this case has failed to show any joint action or intended action on the part of the defendants towards the assignment or disposal of their joint property with the intent to defraud creditors, I instruct you that your duty is to render a verdict for the defendants, and that the plaintiff has not shown sufficient cause why the attachment issued in this cause should not be dissolved, and that the plaintiff has not a good and legal cause for suing out the writ of attachment."

The plaintiff brings the cause to this court by writ of *certiorari*.

We have examined the case with great care, and are satisfied that the court below was correct in finding that there is no evidence showing or tending to show that the parties jointly had assigned, disposed of, or concealed their property with intent to defraud their creditors, or that they were about to assign, dispose of, or conceal their property with intent to defraud their creditors; and we are also satisfied that there is no evidence showing or tending to show that the defendant Eveline L. Hatheway has assigned or disposed of her property with intent to defraud her creditors, or that she has attempted to do so.

But it is contended that the application for the dissolution did not negative these allegations, as it simply set out that Mrs. Hatheway had not assigned, disposed of, or concealed, or attempted to assign, dispose of, or conceal, her property, or any portion thereof, with intent to defraud her creditors. We think this allegation was sufficient to cover any and all property which Mrs. Hatheway had, whether her individual property or that owned jointly with another. If she and Gilbert Hatheway had joint property, whatever interest she had therein would have been a part or portion of her property, and the concealment or disposal of joint property would necessarily include a portion of her property. This question was expressly settled in *Sword* v. *Lenawee Circuit Judge*, 71 Mich. 284.

We also think the court was not in error in holding that the plaintiff was required to show that the defendants were jointly indebted to him, and also to show joint action or intended action on the part of the defendants. The use of the word "their" has several times been construed by this court to import a joint obligation. *Edwards* v. *Hughes*, 20 Mich. 289; *Miller* v. *Bay Circuit Judge*, 41 Mich. 326; *Geiges* v. *Greiner*, 68 Mich. 155; *Sword* v. *Lenawee Circuit Judge*, 71 Mich. 285. Subdivision

2, § 7987, 2 How. Stat., authorizing the issuance of writs of attachment in certain cases, provides, among other causes,—

" That the defendant has assigned, disposed of, or concealed, or is about to assign, dispose of, or conceal, any of his property, with intent to defraud his creditors."

Section 8015 also provides:

"When two or more persons are jointly indebted as joint obligors, partners, or otherwise, and an affidavit shall be made as provided in section 2 of this chapter, so as to bring one or more of such joint debtors within its provisions and amenable to the process of attachment, then the writ of attachment shall issue against the property and effects of such as are so brought within the provisions of said section," etc.

In *Edwards* v. *Hughes, supra*, the defendants in attachment were partners, and the affidavit was to the effect that the defendants were about to dispose of certain of their property with intent to defraud their creditors. On proceedings for dissolution, it appeared that the plaintiff was able to show grounds for the attachment against one of the defendants, but none at all against the others. It was claimed, on the part of the defendant moving for dissolution, that an attachment which proceeds against three as guilty of a contemplated joint fraud, where two of them are wholly innocent, was unwarranted, and it was so held by this court. In referring to section 8015, above quoted, it was said:

" It will be seen, from this section, that when the plaintiff is able to make a case against one of several debtors, whether they are indebted as partners or otherwise, he is not to allege a joint wrong by them all, but must set forth his case in the affidavit according to the facts."

In *Jaffray* v. *Jennings*, 101 Mich. 521, this court, in discussing the two statutes referred to, in speaking of section 7987, said:

" Under the previous statute (section 7987), attachment lay against all joint debtors, whether partners or not,

where it could be shown, as matter of fact, that all participated in the act constituting a cause. It was also plain that, where one joint debtor only committed such act, his property only was subject to the writ, unless there was a partnership. There was, then, no necessity for legislation to reach either of these cases; for joint debtors, where not partners, were fully protected, where innocent of wrong, and the creditor had his remedy against both where both participated, and against the offender where only one was guilty. In this condition of affairs, the legislature passed section 8015, thereby giving immunity from attachment to joint debtors, including partners, who were not themselves participants in the wrongful act."

It will be seen, therefore, that the construction of the statute has always been that, where a joint act is alleged, a joint act must be proved; and if the plaintiff desires to rely upon several acts, by each of the joint debtors, he must so allege in his affidavit, or fail to maintain his action.

Some complaint is made upon the rulings of the court in admitting and rejecting testimony, but we are not able to find any error in such rulings.

We think there is no force in the contention made that the court erred in overruling the questions raised by the special appeal. We have examined the questions, and think the court was not in error in holding against the claims there made.

The judgment below will be affirmed.

The other Justices concurred.