AVERILL *v.* BENZIE COUNTY STATE SAVINGS BANK.

HOMESTEAD—EXEMPTION—SETTING ASIDE.

Where an execution debtor occupies, as a homestead, three village lots in one inclosure, a case is presented calling for proceedings under sections 10364–10366, 3 Comp. Laws, and a levy and sale of the two lots not occupied by the house are unauthorized.

Appeal from Benzie; Chittenden, J. Submitted February 9, 1906. (Docket No. 127.) Decided March 5, 1906.

Bill by Lorenzo Averill and Cynthia Averill against the Benzie County State Savings Bank and others to set aside an execution levy and sale. From a decree dismissing the bill, complainants appeal. Reversed, and decree entered for complainant.

*Smurthwaite & Alway*, for complainants.

*D. G. F. Warner*, for defendants.

MONTGOMERY, J.    This is a bill filed to set aside a levy and sale of two lots in the village of Frankfort, which are claimed to constitute a part of complainants' homestead. Complainant Lorenzo Averill owned and occupied lots 1, 2, and 3 of block 13.    The lots are all in one inclosure; the house being on lot 2, and the barn and chicken coop on lot 3.    Complainants occupied the premises when the levy was made.    The value of lot 2 was probably not in excess of $1,400.

The single question is whether the lots should have been treated as one by the sheriff, and proceedings taken under sections 10364–10366, 3 Comp. Laws.    We think this was complainants' right.    *Geiges* v. *Greiner*, 68 Mich. 153; *King* v. *Welborn*, 83 Mich. 195 (9 L. R. A. 803); *Lamont* v. *Le Fevre*, 96 Mich. 175.

The decree is reversed, and a decree will be entered in this court for complainants, with costs of both courts.

McALVAY, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.