Cleland *vs.* Taylor.

---

## CLELAND *vs.* TAYLOR.

A fraudulent deed may be as fully and effectually set aside in an action of eject-ment in a Court of law, as upon bill of complaint in a Court of equity.

Case reserved from Jackson Circuit.

This was an action of ejectment tried at the Circuit Court for the County of Jackson, in May, 1852.

The plaintiff claimed to recover certain premises in the county of Jackson.

The plaintiff gave in evidence the record of a judgment

entered in the Circuit Court for said County on the 19th day of May, 1848, in his favor, for $623 28 damages, and $68 92 costs of suit in an action of replevin, wherein one Uriah B. Way was plaintiff, and said plaintiff was the defendant; also an execution issued upon said judgment on the 23d of May, 1848, with the certificate of the Sheriff endorsed thereon, showing a levy on said premises on the 24th day of May, 1848, and a sale to the plaintiff on the 9th day of August, 1848. That a certificate of said sale was given to the plaintiff, and a copy filed in the Register's Office, in pursuance of the statute in such case made and provided. The plaintiff further gave in evidence a sheriff's deed of said premises, in virtue of said sale, dated May 1st, 1850, also the record of a deed from John D. Wheat to the said Way, of a part of said premises, bearing date of the 9th day of October, 1844. The said plaintiff also proved that said Way was in possession of said premises at the time of the levy upon and sale of said premises as aforesaid, and that the defendant was in possession of the same at the time of the commencement of this suit.

The defendant then gave in evidence the record of a warranty deed of said premises, dated May 16, 1848, from the said Way to Fidus Livermore, subject to two mortgages; also the record of a quit-claim deed dated 29th January, 1849, by said Livermore to James C. Wood, of the undivided half of said premises, also the record of a deed of said premises from said Livermore and Wood to the defendant, dated May 9th, 1849. The defendant having rested his proof, the plaintiff offered to read in evidence the testimony of said Way taken upon commission, and give other evidence for the purpose of showing that the conveyance of said lands by Way to Livermore, was made for a fraudulent consideration, and for the purpose of hindering, delaying, and defrauding the plaintiff, which evidence was objected to and rejected by the Judge, and therefore the plaintiff submitted to a nonsuit, with leave

to move to set the same aside. A motion to set aside the nonsuit was afterwards made, and the following questions. arising thereon, were reserved for the opinion of the Supreme Court:

1. Should the plaintiff in this action have been permitted on the trial of this cause to have given the evidence offered, for the purpose of showing that the deed read in evidence by the defendant from Uriah B. Way to Fidus Livermore, conveying the premises in question, was given upon a fraudulent consideration, or with the intent to hinder, delay and defraud the said plaintiff of his lawful suits and demands?

2. Should the motion to set aside the nonsuit in this cause be granted?

*G. T. Gridley*, for plaintiff.

1. Questions of fraud are cognizable at law, as well as in equity. (*Black. Com.*, 3, 4, 431; *Bright* vs. *Eynor*, 1 *Burr*, 396; *Bates* vs. *Graves, Ves. Jun.* 295; 10 *J. R.* 457; 18 *Ib.* 403, 425 ; *Story Eq.* 1, § 60; *Bac. Ab.* 3, 321, *note A.*) Numerous cases have been adjudicated in New York, where conveyances have been attached by creditors after title acquired under execution sales, on the ground of fraud, and where ejectment was brought to recover upon such titles, or possession defended under like titles, and in many cases the question as to the right to show the alleged fraud was not raised, (*vide* 18 *J. R.* 425,) in which case fraud in the deeds. under which the defendant claimed title, was shown, and although the question does not appear to have been made, Woodworth, J., in delivering the opinion of the Court, says: "It is now perfectly well settled that every kind of fraud is equally cognizable at law as in equity." (*Jackson* vs. *Brush*, 20 *J. R.* 5; *Jackson* vs. *Mather*, 7 *Cow.* 301; *Jackson* vs. *Parker*, 9 *Cow.* 73 ; *Jackson* vs. *Peek*, 4 *Wend.* 300 ; *Jackson* vs. *Timmerman*, 7 *Wend.* 436; *same case*, 12 *Wend.* 299 ; 1 *Hill*, 143.)

2. By the provisions of the statute, (*R. S.*, *ch.* 79, § 1, *page* 317,) " all the real estate of a debtor, whether in possession, reversion, or remainder, *including lands fraudulently conveyed, with intent to defeat, delay or defraud his creditors*, shall be subject to the payment of his debts, and may be sold on execution."

It would seem that if there was any doubt of the right of the plaintiff to show fraud, as offered on the trial at common law, this statute was sufficient authority for the right claimed. If a creditor has the right to sell the real estate of his debtor, fraudulently conveyed, without being compelled to resort to a bill in equity to remove the cloud upon the title before sale, it follows that the party may show the fraud on a trial at law to recover the possession of the property, after the right of redemption has expired.

*A. Blair*, for defendant.

1. In the action of ejectment the Court look steadily at the legal title alone. (*Jackson* ex dem. *Lothrop* vs. *Demont*, 9 *J. R.* 60; *Jackson* vs. *Chase*, 2 *J. R.* 84 *and* 226; *Adams on Eject.* 32.) The deed from Way to Livermore was a legal and valid instrument, and by it the title passed. At law, therefore, the title is in the grantees of Livermore.

2. The only fraud which will avoid a deed at law, is not in the consideration but in the *execution*—such as a fraudulent reading, the substitution of one instrument for another, and the like. (*Hill. on Real Prop.* 407, § 10 *and cases cited in note* 2 ; *Jackson* vs. *Hills*, 8 *Cow.* 292–3, *and cases cited* ; *Osterhout* vs. *Shoemaker*, 3 *Hill.* 516 ; *Worcester* vs. *Eaton*, 11 *Mass.* 375 ; *People* vs. *Livingston*, 8 *Barb. S. C.* 253 ; *Cow. & Hill.* notes 1445–6, *note* 967.)

By the Court, GREEN, P. J.

A question somewhat analogous to this has been discussed

in the case of Fuller *vs.* Parrish, decided at the present term of this Court. The right of the plaintiff to have the deed from Way to Livermore set aside in the Court of Chancery, if made for the purpose of hindering, delaying or defrauding the plaintiff, is not questioned, but it is claimed that in a court of law, the fraud cannot be shown for the purpose of avoiding the deed. On this point the defendant's counsel refers to Jackson *vs.* Hills, 8 Cow. 292, &c.; Osterhout *vs.* Shoemaker, 3 Hill. 516; Worcester *vs.* Eaton, 11 Mass. 375, and the People *vs.* Livingston, 8 Barb. S. C. 253. None of these are cases of a creditor seeking to recover land purchased by him on execution which had been fraudulently conveyed.

On the other hand, the cases of Jackson *vs.* Myers, 18 J. R. 425; Jackson *vs.* Parker, 9 Cow. 73; Jackson *vs.* Timmerman, 7 Wend. 436, and same *vs.* same, 12 Wend. 299, are in every essential particular like the present case, and in all of them the evidence of the fraud was received without objection, or held to be admissible by the Court in ejectment. In Stephens *vs.* Sinclair, 1 Hill, 143, the action was ejectment by a judgment creditor, who had purchased the land demanded, at the sheriff's sale. On the trial, the defendant showed a conveyance from the debtor before the judgment became a lien upon the property. The plaintiff thereupon offered proof to show that the deed to the defendant was made for the purpose of defrauding creditors. This evidence was rejected by the Circuit Judge, who thereupon nonsuited the plaintiff. Exceptions were taken, and a motion made in the Supreme Court to set aside the nonsuit and grant a new trial on the bill of exceptions. That Court said, "most clearly the learned Judge erred in rejecting the plaintiff's testimony." It does not appear, however, that the evidence was rejected by the Circuit Judge upon the supposition that it was not competent to show the fraud in a court of law to avoid the deed, but the inference seems to be that such was not the ground upon which the proof was rejected. In the case of Jackson *vs.*

Burgott, 10 J. R. 457, Ch. J. Kent says, "Courts of law have concurrent jurisdiction in all cases of fraud. Fraud will invalidate in a court of law as well as in a court of equity, and annul every contract and conveyance infected with it." It is said that a conveyance intended to defraud creditors is not void, but voidable only at the instance of such creditor. In some respects this is so. As between the parties to the deed, it conveys the legal title, which is good also as against the creditor, until he pursues his remedy *as such creditor*, and acquires a lien upon or an interest in the land. When he has done this, the deed is void as to him, and may be treated by him in the prosecution of his remedies as creditor, as absolutely void in law as well as in equity. The statute makes no distinction. (*R. S. p.* 328.) The case of Fox *vs.* Willis, 1 Mann. Mich. R. 325, is not an authority for a contrary doctrine. In that case, the creditor had not, by any process against the land, avoided the deed fraudulently made by the creditor. Instead of seizing the land by legal process, he took a mortgage from the debtor upon the land, and the Court held that the debtor had no title, and could not, therefore, execute a valid mortgage. Under our present statute, the title may be as effectually settled between the parties in an action of ejectment as by a bill in Chancery. Subdivision 7 of sec. 29, chap. 108 of the R. S., p. 491, declares that the verdict shall specify the estate or right which shall have been established on the trial, by the plaintiff in whose favor it shall be rendered, whether such estate be in fee, or for his own life, or for the life of another, stating such lives, or whether it be a term for years or otherwise, and specifying the duration of such terms. Sec. 35 of the same chapter, (*p.* 492,) provides that "every judgment in the action of ejectment rendered upon a verdict, shall be conclusive as to the title established in such action, upon the party against whom the same is rendered, and against all persons claiming from, through or under such party, by title accruing after the

commencement of such action," subject to certain exceptions in favor of minors, persons insane or imprisoned, and married women, &c. Thus it appears that the essential rights of the parties may be fully and definitely established, and a fraudulent deed as fully and effectually set aside in an action of ejectment by a court of law, as upon bill in a court of equity. In view also of the statutory modifications of the law of evidence now in force, by which the parties may compel each other to testify, when necessary, it seems difficult to discover any good reason why a court of law should not exercise jurisdiction in cases of fraud like the present. More especially does it seem appropriate when the question of fraudulent intent, in all cases arising under the statute of frauds, is made by statute a question of fact and not of law, to decide which a jury is evidently the most fit tribunal. (*R. S.*, *chap.* 82, § 4, *p.* 329.)

Let it be certified to the Circuit Court for the County of Jackson, as the opinion of this Court, that the plaintiff in this action should have been permitted, on the trial of this cause, to have given the evidence offered for the purpose of showing that the deed, read in evidence by the defendant, from Uriah B. Way to Fidus Livermore, conveying the premises in question, was given upon a fraudulent consideration, or with the intent to hinder, delay and defraud the plaintiff of his lawful suits and demands, and that the motion to set aside the nonsuit in this case ought to be granted.