IRA JEFFERY AND JOHN JEFFERY BY LOUISA JEFFERY, THEIR GUARDIAN AND NEXT FRIEND V. ELIZABETH HURSH, ROBERT HILLOCK AND JAMES N. VANSICE.

*Ejectment—Grantee's right of action under a deed absolute.*

A deed absolute gives the grantee the right of possession and will sustain ejectment, even though it was meant as a mortgage, if nothing appears to show that intent.

Error to Isabella. Submitted Jan. 15. Decided Jan. 23.

EJECTMENT. Plaintiffs bring error.

*Spaulding & Cranson* for plaintiffs in error. If a deed is intended as a mortgage, the fact must be shown by evidence outside the papers before it can be so treated, *Swetland v. Swetland*, 3 Mich., 482.

*Brown & Leaton* and *Fancher & Dodds* for defendant in error. The intent of the parties to writings should be carried out and may be ascertained from circumstances, *Cornell v. Hall*, 22 Mich., 383; *Russell v. Southard*, 12 How., 139; *Walton v. Cronly*, 14 Wend., 63; *Emerson v. Atwater*, 7 Mich., 12; *Campbell v. Dearborn*, 109 Mass., 142; *Paddack v. Pardee*, 1 Mich., 424; *Norris v. Showerman*, 2 Doug. (Mich.), 25; *Brown v. Dewey*, 1 Sandf. Chy., 57; it may be shown at law that a deed absolute on its face is simply a mortgage, *Fuller v. Parrish*, 3 Mich., 211; a conveyance with a bond back for reconveyance makes the transaction *prima facie* a mortgage, *Erskine v. Townsend*, 2 Mass., 494; *Nugent v. Riley*, 1 Met., 119; *Carey v. Rawson*, 8 Mass., 160; *Roach v. Cosine*, 9 Wend., 230; *Stewart v. Hutchins*, 6 Hill, 143; *Clark v. Henry*, 2 Cow., 324; *Peterson v. Clark*, 15 Johns., 205; *Brown v. Dean*, 3 Wend., 208; *Palmer v. Gurnsey*, 7 Wend., 249; *Blaney v. Bearce*, 2 Greenl., 132; *Bennock v. Whipple*, 12 Me., 346; *Rice v. Rice*, 4 Pick., 349; *Newhall*

*v. Burt*, 7 Pick., 157; *Saxton v. Hitchcock*, 47 Barb., 220; where there is doubt as to whether a conveyance is a deed or a mortgage, it should be treated as a mortgage, *Holmes v. Grant*, 8 Paige, 248; *Robinson v. Cropsey*, 6 Paige, 480; *Conway v. Alexander*, 7 Cr., 218; *Edrington v. Harper*, 3 J. J. Marsh., 354; *Secrest v. Turner*, 2 id., 471; *Skinner v. Miller*, 5 Litt. (Ky.), 84; *Longuet v. Scawen*, 1 Ves. Sr., 402; 4 Kent's Com., 143; *Glover v. Payn*, 19 Wend., 518.

GRAVES, J. The plaintiffs in error, who are the sole heirs at law of John Jeffery, deceased, brought this action of ejectment to recover certain premises some years previously conveyed by the defendant Elizabeth Hursh to their father, the said John Jeffery. The defense was that the plaintiffs were not entitled to recover possession because the before mentioned grant from Mrs. Hursh to plaintiffs' father, although an absolute conveyance on its face, was in fact only a mortgage. And there are no questions presented which are independent of the validity of this defense. The points agitated relate to the right to defend against the ejectment on this ground, and to the character of the evidence adducible to prove the fact.

That the grant in question was apparently an absolute conveyance is admitted and is certain; and it is equally certain that no written defeasance is shown. The bond to John M. Hursh, the husband and attorney in fact of the grantor, does not purport to be a defeasance. Parol evidence would be necessary to stamp the arrangement as a mortgage transaction.

The plaintiffs requested an instruction that they were entitled to a verdict. But this was refused, and the circuit judge left it to the jury to find a verdict for the defendants if satisfied on the whole evidence that the deed referred to was intended as a mortgage, and they found for the defendants.

The ruling was erroneous. The jury should have been instructed as requested by plaintiffs' counsel. In

*Wetherbee v. Green*, 22 Mich., 311, it was strongly inti-, mated that an absolute deed, though intended as a mortgage and permitting redemption, would confer a right of possession on the grantee wholly unaffected by the statute prohibiting ejectment by a mortgagee before foreclosure, and in the later case of *Bennett v. Robinson*, 27 Mich., 26-30, it was distinctly laid down that although as between the parties such a transaction is a mere security, attended by a right of redemption and requiring foreclosure to cut it off, it is one which "places the right of possession in the grantee or mortgagee." This is decisive. For admitting that in fact the absolute deed from Mrs. Hursh was intended as a mortgage, it was no defense against the plaintiffs' action for possession, and they were entitled to prevail, notwithstanding according to her construction of the transaction, her remedy would be in equity and not by ejectment.

The case comes up after a general verdict, and no judgment can be given here on the final issue.

The judgment of the circuit court must be reversed with costs and a new trial granted.

**The other Justices concurred.**