ADELIA M. HARRETT, GUARDIAN v. JAMES KINNEY AND HENRY B. CHILDS.

*Ejectment—Equitable defenses to action at law.*

A guardian suing in ejectment for the benefit of wards claiming by descent makes a *prima facie* case by proving paper title to the ward's ancestor, descent to the ward, and the plaintiff's title as guardian to sue for possession.

The common law rule excluding all defenses in ejectment that are not legal has been abrogated in many parts of the United States, but the federal courts recognize it and it remains in force in Michigan.

A defendant in ejectment cannot interpose to the action at law the merely equitable defense that the plaintiff's title was fraudulently obtained, especially where he himself has only an equitable claim under a contract giving no right to the possession.

A deed collusively given in execution of a land contract, possession of which was surreptitiously obtained in the absence of the party holding it, is not absolutely void in law as for fraud, as it passes the legal title to the grantee named, and the contract purchaser cannot cause it to enure to himself except by showing his equitable right and title as against the grantee; and this showing cannot be made in an action of ejectment.

Error to Kent.    Submitted Oct. 14.    Decided Oct. 27.

EJECTMENT.    Plaintiff brings error.    Reversed.

*C. G. & W. W. Hyde* for plaintiff in error. The legal title must control in ejectment though acquired by fraud or held in trust: *Clark v. Lockwood* 21 Cal. 220; fraud is not a defense in ejectment unless it renders the legal title absolutely void: *Walker v. Kynett* 32 Ia. 524; *Rountree v. Little* 54 Ill. 323; *Escherick v. Traver* 65 Ill. 379; *Dawson v. Hayden* 67 Ill. 52; *Lombard v. Cowham* 34 Wis. 486; *Crane v. Reeder* 25 Mich. 312; a purchaser of land had notice of a previous contract for it by another, who had paid for it and obtained possession, but who could not show these facts in an action of ejectment brought by the latter purchaser who had received a deed of the land: *Coleman v. Casey* 1 A. K. Marsh. 440; see *Moody v. Farr* 33 Miss. 192; *Collins v. Robinson* 33 Ala. 91; *Nickles v. Haskins* 15 Ala. 619; *Cawsey v. Driver* 13 Ala. 838; *Voris v. Thomas* 12 Ill. 442; *Mitchell v. Robertson* 15 Ala. 412; *Buell v. Irwin* 24 Mich. 145; *Conrad v. Long* 33 Mich. 78; *Page v. Cole* 6 Clarke (Iowa) 153; *Whiting v. Butler* 29 Mich. 125; an equitable title will not defeat a legal title: *Thompson v. Wheatley* 5 Sm. & M. 499; *Jackson v. Pierce* 2 Johns. 221; *Jackson v. Deyo* 3 Johns. 422; *Sinclair v. Jackson* 8 Cow. 543; *Jackson v. Van Slyck* 8 Johns. 487; *Stinebaugh v. Wisdom* 13 B. Mon. 467; *Abbott v. Chase* 13 Iowa 453; *Allyn v. Johnson* id. 604; *Campbell v. Campbell* 3 Head. 325, where an equitable defense is set up to an ejectment suit the parties to the action must be such as would be required to a bill in equity seeking the same relief: *Lestrade v. Barth* 19 Cal. 660; *Call v. Chase* 21 Wis. 511; *Williams v. Murphy* 21 Minn. 534.

*W. D. Fuller* for defendant in error Kinney. A deed obtained by fraud is absolutely void as against the party defrauded: *Jackson v. Summerville* 13 Penn. St. 359; *Thompson v. Drake* 32 Ala. 99; *Somers v. Pumphrey* 24 Ind. 231; *Montgomery v. Pickering* 116 Mass. 227; *Gage v. Gage* 29 N. H. 533.

GRAVES, J. The wards Arelia and Kittie L. Kinney are the sole heirs at law of William Kinney, deceased, and their

guardian Mrs. Harrett is their mother, she having married Alexander Harrett since the death of their father. Mrs. Harrett in her character of guardian brought ejectment against the defendants for forty acres of land in Kent county. The defendant James Kinney, the father of William Kinney, deceased, was in possession and the defendant Childs claimed title under him. The plaintiff effected a recovery and was put in possession. A new trial was taken afterwards and the defendants prevailed, and the plaintiff claims that the court committed error in allowing the defense.

The plaintiff made out a paper title from the United States to the decedent William Kinney, the descent to the ward, and the title of Mrs. Harrett as their guardian to sue for the possession. The title so established purported to fix the legal right in the plaintiff and was *prima facie* valid and sufficient to entitle the plaintiff to recover. So far as it need be noticed the evidence which the defense was permitted by the court to adduce and make use of to defeat the plaintiff is in substance as follows: In 1855 the land was owned by one John Hamilton and he orally agreed to sell it to the defendant James Kinney for $350 ; that the latter immediately paid $10 and went into possession and so continued until his dispossession in this case ; that he paid Hamilton the consideration, and some time after the oral agreement but before full payment, received from Hamilton a written contract ; that this contract was kept by him in a bureau in his house and was never parted with or disposed of with his knowledge or assent ; that his son, the decedent, was about sixteen years of age and lived at home but worked around at different places as opportunity presented ; that in the fall of 1857 and the winter following, the defendant James Kinney was absent in Wisconsin, and that the decedent in that interval surreptitiously got possession of the land contract, and on a subsequent occasion obtained in execution of that contract the deed to himself from Hamilton which completes the chain of title to decedent ; that Hamilton concerted with decedent, and that the deed was given and received in fraud of the rights of the defendant James Kinney.

It is proper to say that this version was not admitted. On the contrary it was strongly controverted. But as the result was against the plaintiff the question is presented whether the court erred in allowing the deed to be defeated by parol evidence that it was fraudulently given to decedent when it was due in fact to the defendant James. The common law rule which excludes all defenses in ejectment which are not legal has been abrogated in many parts of the Union. The courts of the United States, however, still adhere to it. *Fenn v. Holme* 21 How. 481; *Hooper v. Scheimer* 23 How. 235; *Lessee of Smith v. McCann* 24 How. 398; *Johnston v. Jones* 1 Black 209; *Foster v. Mora* 98 U. S. 425. And it also remains in force in this State. *Whiting v. Butler* 29 Mich. 122; *Ryder v. Flanders* 30 Mich. 336; *Conrad v. Long* 33 Mich. 78; *Jeffery v. Hursh* 42 Mich. 563; *Buell v. Irwin* 24 Mich. 145. And if the defense now made against the plaintiff's title must be considered as existing in equity and not in law, the court erred in admitting it; and we think it must be.

If a valid contract relation subsisted between Hamilton and the defendant James Kinney, and the former was bound to convey to him, and was not warranted in conveying to the son, as claimed on the part of the defense, yet the title of James was only in equity. He had no legal title and could not gain one as the identical effect of a grant from Hamilton to young Kinney. His interest was still equitable and not legal. He had never received any legal conveyance or rather any transfer of the legal title, and the contract did not assume to give possession or any right to it, and whatever may have been his due in point of justice he was subject to the force of that consideration. The deed was not positively void. It passed the legal title from Hamilton to young Kinney, and the defendant James has no power to cause it to enure to him except by showing his equitable right and title as against the grantee, and the rule referred to will not permit such a showing in ejectment. The opinions given in *Cleland v. Taylor* 3 Mich. 201 and *Trask v. Green* 9 Mich. 358, 368, and based on the effect of the statute against frauds,

have no application. It is much to be regretted that so much expense should have been incurred in the assertion of a case by the defense which, if valid, could only be set up in another jurisdiction.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.