SAMUEL G. M. GATES v. DONALD SUTHERLAND.

*Ejectment—Equitable defenses.*

It is the established doctrine in this State that *equitable* defenses will not be permitted in actions of ejectment. *Buell v. Irwin,* 24 Mich. 148; *Ryder v. Flanders,* 30 Id. 333; *Jeffery v. Hursh,* 42 Id. 563; *Harrett v. Kinney,* 44 Id. 457.

So *held,* where defendant offered to show that a deed executed by him to a mortgagor of the land in controversy—which mortgage had been regularly foreclosed, and under which foreclosure the plaintiff claimed title—was executed under a *mistake,* defendant supposing it to be a mortgage, no *fraud* being charged, which *fact* is held to render the principle laid down in *Cleland v. Taylor,* 3 Mich. 20, and approved in *Messmore v. Huggard,* 46 Id. 562 inapplicable.

Error to Bay. (Cobb, J.) Argued June 26, 1889. Decided July 11, 1889.

Ejectment. Defendant brings error. Affirmed, and record remanded for further action under the statute. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*Fatio Colt,* for appellant.

*Holmes & Collins,* for plaintiff.

CHAMPLIN, J. Gates brought ejectment against Sutherland, alleging title in fee to the west half of the south-east quarter of section 2, in township 13 north, range 5 east.

The plaintiff's title is derived as follows:

1. Warranty deed executed by Donald Sutherland and Almeda Sutherland, his wife, to Charles Brunner, dated April 16, 1885, recorded April 20, 1885.

2. Mortgage executed by Charles Brunner and wife to Maria C. Mann, dated April 21, 1885, to secure the payment of $1,300, conveying the land to Mann in one of the usual forms

of mortgages where the debt is payable in installments, or where, in case of default in payment of interest, the whole debt becomes due at the election of the mortgagee.

3. An assignment of the mortgage from Maria O. Mann to Eugene P. Sisson, dated May 2, 1885. Both the mortgage and assigment were duly recorded.

4. Deed from sheriff of Bay county to the plaintiff, Gates, dated August 28, 1886, purporting to have been given under a foreclosure of said mortgage by advertisement under the statute.

5. The notice of sale and affidavit of publication.

The proceedings to foreclose the mortgage appear to have been regular.

The plaintiff introduced evidence tending to show that the mortgagor had failed to redeem; that defendant, Sutherland was in possession; and that demand of possession was made of him before suit brought; and of his refusal to yield or deliver up possession.

On the trial the defendant was produced as a witness, and was sworn in his own behalf, and counsel for defendant made the following offer:

"We offer to show, by the witness on the stand, that the paper purporting to be a deed from witness Sutherland to Charles Brunner, if executed by him, was executed under a mistake; he supposing that he was executing a mortgage and not a deed.

"Also, that the arrangement between the parties, Mr. Mann, to whom he owed money, and Mr. Brunner, who held a previous mortgage on his land, and himself, was that a mortgage should be executed to Brunner covering the amount of these various indebtednesses, together with the amount of money necessary to obtain the signature of his wife to the mortgage to relinquish her dower, and also to give her consent to a mortgage of homestead.

"That Donald Sutherland, the defendant, had no knowledge of any deed being claimed to have been given by him to Charles Brunner until some months after the transaction took place, and then immediately disavowed the fact of a deed having been given.

"That Brunner, who claims that he received a deed from defendant, has never asserted any claim of title to the land;

that Mr. Brunner himself claims that the deed was received by him simply for the purpose of enabling him to make a mortgage upon the land in question to pay the debt owing by Sutherland to himself, and a debt to Mr. Mann, and the amount to his wife for her signature; and that it was not intended that Mr. Brunner should obtain any title to the property, and that he would convey the land either to the defendant or to any other person for the benefit of defendant on the payment of this indebtedness, amounting to the sum of $1,300.

" That the plaintiff in this case had due notice at the time of the sale of the premises under the foreclosure of all the rights claimed by defendant here in these premises, and of the fact that he disputed the validity of the deed as his act, and that he was holding the land as owner thereof, and that the sale constituted but an incomplete foreclosure of the mortgage, if such mortgage was a valid one, and that this notice was given to Mr. Gates before he paid for the land or received the conveyance, and before he bid in the premises."

The court excluded the testimony offered.

A court of equity would be the only tribunal competent to deal with the facts contained in defendant's offer. It is the established doctrine in this State that equitable defenses will not be permitted in actions of ejectment. *Harrett v. Kinney,* 44 Mich. 457 (7 N. W. Rep. 63); *Conrad v. Long,* 33 Id. 78; *Ryder v. Flanders,* 30 Id. 336; *Jeffery v. Hursh,* 42 Id. 563 (4 N. W. Rep. 303); *Buell v. Irwin,* 24 Id. 148.

The offer must be taken as a whole, and, so viewed, it shows that the claim of defendant is based upon a mistake on the part of defendant in the character of the instrument he executed. No fraud is charged, and hence the principle laid down in *Cleland v. Taylor,* 3 Mich. 201, and approved in *Messmore v. Huggard,* 46 Id. 562 (9 N. W. Rep. 854), does not apply.

The judgment must be affirmed, and the record will be remanded for such further action as may be taken under the statute relative to the action of ejectment.

The other Justices concurred.