ROXA T. PALDI v. ANGELINE PALDI.

[See 84 Mich. 346.]

*Ejectment—Defenses—Adverse possession.*

1. This case is ruled in the main by the former decision, reported in 84 Mich. 346.

2. Adverse possession, to give title, must be an actual, continued, visible, notorious, distinct, and hostile possession, and a finding of adverse possession must set forth in explicit terms a state of facts that will satisfy the legal definition; citing *Yelverton v. Steele,* 40 Mich. 538.

3. The defense that the mother of the defendant was induced by fraud to execute the deed under which the plaintiff claims title cannot be made in an action of ejectment; citing *Harrett v. Kinney,* 44 Mich. 457.

Error to St. Clair. (Mitchell, J.) Argued March 9, 1893. Decided April 21, 1893.

Ejectment. Defendant brings error. Affirmed. The facts are stated in the opinion, and in the former report of the case.

*Frank Whipple,* for appellant.

*Albert McCall (Avery Bros. & Walsh,* of counsel), for plaintiff.

LONG, J. This case was in this Court at the October term, 1890, and judgment in favor of the plaintiff rendered, affirming the judgment of the court below. 84 Mich. 346. It is an action of ejectment, and defendant took a new trial under the statute. It has been retried, and verdict and judgment again directed in favor of the plaintiff.

The facts are fully stated in the former opinion. It is

contended, however, that the facts appearing upon this record are materially different from the former. We have examined the record carefully, and find no such difference as to lead to any other conclusion than that arrived at in the former opinion. It appears now, as it appeared then, that the defendant, while occupying the land with her mother, joined with her mother and brothers in filing a bill in chancery to enforce her rights as tenant in common of the land; and that after her mother's death, acting as executrix of her mother's will, she filed an inventory in the probate court, claiming that her mother's interest in the land consisted of a tax title, or claim thereunder, worth $200. It also appears now, as it appeared in the former record, that Justin L., after receiving the deed from his father and mother, lived on the land for several years. We think there was no testimony in the case to go to the jury on the question of adverse possession, or value of improvements made by the mother of the defendant.

It is claimed that Justin L. Paldi obtained the deed from the mother of defendant by fraudulent representations.[1] This defense could not be made in an action of ejectment. *Harrett v. Kinney*, 44 Mich. 457. Upon the execution and delivery of the deed from Angelo Paldi and his wife to Justin L. Paldi, the legal title passed to Justin L. Paldi, and the plaintiff claims under a deed from Justin L. This traces the legal title to the plaintiff.

The defendant's claim on the former trial was under a tax title, and also that her mother held possession of the premises a sufficient length of time to acquire title by adverse possession. The tax-title theory is now abandoned, and the only claim made is an adverse holding. The

---

[1] This deed had been executed by the father, and the defendant claimed that her mother's signature was afterwards obtained by fraudulent representations.

proofs to support this must be clearly shown, and not left to inference. Adverse possession, to give title, must be an actual, continued, visible, notorious, distinct, and hostile possession, and a finding of adverse possession must set forth in explicit terms a state of facts that will satisfy the legal definition. *Yelverton v. Steele,* 40 Mich. 538. There was no evidence in the case to show a possession, as thus defined, and the court very properly took that question from the jury. Justin built a store on the premises, and resided there for many years; and, as it was held on the former hearing, the mother, after joining in her husband's deed to Justin, was in possession in subordination to the rights of her grantee. The defendant testified that her mother claimed to own the land; but it appears that the mother, in 1884, testified before a special commissioner that all she claimed in the land was as widow of Angelo Paldi.

The question of the defendant's right to claim for improvements was settled against such right in the former opinion, and we see no reason to change that holding.

The judgment must be affirmed, with costs.

The other Justices concurred.