RAUSCH v. BRIEFER.

1. EJECTMENT—DEFENSES—EQUITABLE TITLE.
   The defense of equitable title is not available in ejectment.

2. JUDGMENTS—RES JUDICATA—MATTERS CONCLUDED.
   Where defendant in ejectment files a bill to enjoin the suit at law on the ground of equitable title, and is defeated on the merits, he cannot again raise the question in the suit in ejectment.

3. EJECTMENT—RIGHT OF POSSESSION—LEASE—ESTOPPEL.
   Defendant in ejectment cannot claim a right of possession under a life lease, where his plea and evidence are that he repudiated it, claiming the agreement was for a deed, returned it, and never recognized its validity during his occupation.

Error to Macomb; Tappan, J., presiding. Submitted November 16, 1904. (Docket No. 92.) Decided November 29, 1904.

Ejectment by Christian Rausch against Charles Briefer

and Sarah Briefer.    There was judgment for plaintiff on
a verdict directed by the court, and defendant brings error.
Affirmed.

This is an action of ejectment.    After suit was com-
menced, defendant Charles Briefer filed a bill in equity to
enjoin the prosecution of the suit at law.    It is conceded
that the legal title is in plaintiff.    Defendant's father died
in 1854, and his widow afterwards married the plaintiff.
Plaintiff afterwards, in 1855, purchased the land, paying
the full value thereof.    Defendant's claim in the chancery
suit was, and now is, that his father had contracted with
the former owner for the purchase of the land; that he
paid a part of the purchase price; that plaintiff, after his
marriage, fraudulently obtained the benefit of that con-
tract; and that in equity the land belongs to the defend-
ant.    Issue was duly joined in the chancery suit, the case
tried upon the merits, and the bill dismissed; the court
holding that there was no foundation for the defendant's
claim.    After the termination of the chancery suit default
of defendant for want of plea was entered, and judgment
rendered thereon.    A new trial was granted, in which
judgment was rendered for the plaintiff.
Defendant's father died before defendant was born, and
he lived with, and was brought up by, the plaintiff, as one
of the family, until he was 21 years of age.    The land pur-
chased by plaintiff was 40 acres.    After defendant's mar-
riage he was permitted to occupy 20 acres of the land.    By
the assistance of plaintiff, a log house was moved on it,
some small buildings built, and defendant has occupied and
cultivated it since that time.    The buildings were moved
on and erected with the assistance of the plaintiff.    After
defendant claimed to have learned about the land contract
which his father had made, plaintiff executed to him a life
lease of the 20 acres, which was signed by both the plain-
tiff and the defendant.    Defendant claims that he thought
it was a deed; that he could not read, and that the instru-
ment was read to him; that on reaching home his wife read

the instrument to him. He then said he did not want that; he wanted a deed. He testified that he thereupon took the lease back to the plaintiff's home, that plaintiff was not at home, and that he left it with his mother. He testified that he refused to accept it. Nothing further was done for some years, when defendant, asserting ownership of the land, began to commit waste. Plaintiff thereupon brought this action. Defendant, in his plea, alleged that when the lease was executed plaintiff informed him that it was a deed; that he could not read; that he procured it to be read to him, and thereupon returned it to the plaintiff.

An examination of the plea and notice, which are not printed in the record, discloses that after his default was set aside and he obtained permission to amend his plea he amended it by giving notice (1) that an agreement had been entered into between himself and the plaintiff that in consideration of and satisfaction for certain work and labor done by him for the plaintiff, plaintiff agreed to convey to him the land; (2) that plaintiff fraudulently obtained title in the manner above set forth; and (3) that he had acquired title by adverse possession.

*S. F. Griffiths*, for appellants.

*O. C. Lungerhausen* and *Byron R. Erskine*, for appellee.

GRANT, J. (*after stating the facts*). 1. There are two complete answers to defendant's right to assert an equitable title: *First.* Such defense is not available in a suit at law. *Harrett* v. *Kinney*, 44 Mich. 457. *Second.* That question was litigated, and determined against defendant, in the chancery suit. It is therefore res adjudicata.

2. Under defendant's plea and testimony he had made neither a lease nor a contract for a lease. He asserted an agreement or promise for a deed. As soon as he ascertained that it was a lease, he repudiated it, returned it, never occupied the land under it, and never recognized its validity. He asserted a possession hostile

to the lease and to any title of plaintiff. If he had accepted and recognized the lease, it would have been a bar to his assertion of any other interest in the land. The declaration and the plea put the lease out of the case. *Paige* v. *Willet*, 38 N. Y. 31; *Van Dyke* v. *Maguire*, 57 N. Y. 431; 1 Am. & Eng. Enc. Law (2d Ed.), p. 719; 11 Am. & Eng. Enc. Law (2d Ed.), p. 447.

The court correctly instructed the jury that:

" His own evidence is to the effect that he wholly repudiated the instrument, and I instruct you, as a matter of law, under the evidence in this case, he could not claim right to possession thereunder at the time of the commencement of this suit."

Judgment affirmed.

The other Justices concurred.