### COTTRELL v. MORAN.

SUMMARY PROCEEDINGS—DEFENSES—EQUITABLE TITLE.

In summary proceedings defendant cannot set up his equitable title and have a deed executed by him declared a mortgage, that being a matter within the exclusive jurisdiction of equity.

Error to Macomb; Tappan, J., presiding. Submitted November 16, 1904. (Docket No. 93.) Decided December 7, 1904.

Summary proceedings by William Cottrell against Gilbert J. Moran for the possession of certain real estate. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Affirmed.

*J. A. Weeks* (*Edgar Weeks*, of counsel), for appellant.
*Martin Crocker*, for appellee.

HOOKER, J. The defendant in a summary proceedings case has appealed from a verdict and judgment of restitution. The circuit judge directed a verdict for the complainant. To comprehend the case, allusion should be made to the state of the title.

The defendant, Gilbert J. Moran, was owner of the premises (a farm) on November 19, 1884, and on that day he gave a note and mortgage to the complainant for $3,500, due in two years, with interest at 7½ per cent. April 8, 1889, Moran executed and delivered to complainant a warranty deed, the consideration of which was $4,363.84, being the amount due at that date upon the note and mortgage. April 8, 1889, a land contract was executed, which counsel concede was a defeasance, and made this transaction a mortgage, and it has been so treated. January 20, 1896, defendant gave to complainant a warranty deed of the premises, the consideration being $4,920.78, amount then due on the original debt. The same day, as a part of the same transaction, complainant gave and defendant accepted a lease of the premises for one year at a rental of $200 for the term. He also executed and defendant accepted a writing, which reads as follows:

" Having this day leased to Gilbert Moran for the term of one year, the farm described as follows: The east half of the southwest quarter of section 19, in township 3 north, of range 14 east, Macomb county, Michigan, containing 78 acres of land. I gave Mr. Moran the privilege of purchasing said farm during the term of his lease for the sum of four thousand nine hundred twenty-one dollars, providing the terms of lease are lived up to rigidly, excepting said Cottrell has an opportunity to sell said farm in which case Mr. Moran has an option of 30 days to purchase at price offered; and if he does not elect to purchase then he is to surrender farm receiving reasonable compensation for his crops, in 30 days from notice and in case Mr. Moran sells said farm he is to have for his commission all he sells farm for over and above $4,921, provided he keeps the agreements in his lease.

" Dated Mt. Clemens, Mich., Jan. 15th, 1896.
                                        " WILLIAM COTTRELL."

Counsel contend that this transaction did not pass the title, but was a mortgage of the premises. On February 20, 1902, the parties entered into a new lease for one year at a rental of $150 per year. Defendant has occupied the

premises continuously from 1884 to the time this proceeding was begun.

Two points are involved in the case: (1) Was jurisdiction ousted by the alleged question of title? (2) If not, should the case have been submitted to the jury?

The deed of 1896 conveyed the legal title to the complainant, if it was not vested in him by the earlier one. Defendant's title was at most an equitable one, to have the deed declared a mortgage; and this claim of title was enforceable (if at all) through equitable proceedings, which good conscience requires should have been a bill to redeem, seasonably filed; and it is, perhaps, more than doubtful if equity would grant such relief upon any other kind of a bill, or in the absence of laches.

In this proceeding it was not competent to set up the equitable title, which a court of law could not vindicate. We have often held that equitable titles cannot be considered as against legal ones in courts of law. See *Harrett* v. *Kinney*, 44 Mich. 457; *Geiges* v. *Greiner*, 68 Mich. 156; *Gates* v. *Sutherland*, 76 Mich. 233; *Shaw* v. *Hill*, 83 Mich. 327; *Michigan Land & Iron Co.* v. *Thoney*, 89 Mich. 232; *Paldi* v. *Paldi*, 95 Mich. 411; *Moran* v. *Moran*, 106 Mich. 12; *Gage* v. *Sanborn*, 106 Mich. 279; *Rausch* v. *Briefer*, ante, 284.

In *Gage* v. *Sanborn*, supra, it is said:

"These cases do not attack the regularity of the proceedings themselves, but raise a question dependent upon extrinsic facts, constituting a legal defense in a proper tribunal, viz., an adverse claim of a title paramount to the levy. At least, this seems to have been the view taken in *Riggs* v. *Sterling*, 51 Mich. 158, and this distinction is intensified by the dissenting opinion of Mr. Justice COOLEY in that case."

As this is conclusive of defendant's claim, further discussion is unnecessary.

Judgment affirmed.

The other Justices concurred.