OLMSTEAD *v.* JOHNSON.

1. LIMITATION OF ACTIONS—SHERIFF'S DEEDS—FORECLOSURE—DE-
   FAULT.

   In ejectment by purchasers of mortgagee's interest after ex-
   piration of period of redemption from foreclosure sale, against
   mortgagor, the five-year period of limitations applicable to
   sheriff's deeds barred mortgagor's defense that foreclosure
   was void for lack of default (3 Comp. Laws 1929, § 13964).

2. JUDGMENT—RES JUDICATA—FORECLOSURE—EJECTMENT.

   Dismissal of mortgagor's bill to set aside statutory foreclosure
   proceedings for lack of default at the time of foreclosure
   upon admitted matters of substance and merit, that fore-
   closure sale was held and sheriff's deed issued and that more
   than five years had elapsed since period of redemption expired
   barred mortgagor's defense in action of ejectment by mort-
   gagee's successors in interest that foreclosure sale was not
   well founded on default in payments (3 Comp. Laws 1929,
   § 13964).

3. MORTGAGES—FORECLOSURE—EJECTMENT—FRAUD—LIMITATION OF
   ACTIONS.

   In ejectment action brought more than five years after expiration
   of period of redemption from foreclosure sale by mortgagee's
   successors in interest, defense that defendant mortgagor was
   fraudulently induced to execute a deed to plaintiffs because of
   alleged default in mortgage and lack of money in plaintiffs'
   hands to pay taxes and mortgage instalments was not available
   to defendant since such claims of fraud pertained to regularity
   and validity of the sheriff's deed upon foreclosure sale, to
   which five-year statute of limitations was applicable (3 Comp.
   Laws 1929, § 13964).

4. SAME—FORECLOSURE—REDEMPTION—LIMITATION OF ACTIONS—
   STIPULATIONS—EJECTMENT—TITLE.

   Where period of redemption from sheriff's deed upon foreclosure
   sale which divested defendant of his title had expired more
   than five years before ejectment by mortgagee's successors in
   interest, defense of fraud in signing stipulations relative to

title after redemption period had expired was of no avail to defendant where such stipulations were not indispensable to plaintiffs in proving their title (3 Comp. Laws 1929, § 13964).

5. EJECTMENT—FRAUD—EQUITY.
    In action of ejectment, defendant's claim of fraud pertaining to plaintiff's title was cognizable only in court of equity, all defenses not legal being excluded.

Appeal from Mason; Neal (Max E.), J. Submitted October 5, 1945. (Docket No. 37, Calendar No. 43,154.) Decided December 3, 1945.

Ejectment by Clay F. Olmstead and wife against Francis W. Johnson to obtain possession of real property. Motion for judgment on pleadings. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Campbell & Campbell,* for plaintiffs.

*Max C. Hamlin,* for defendant.

REID, J. This is an action in ejectment. The case was submitted to the trial court upon the pleadings filed. By agreement of counsel, the question of whether or not an issue of fact is presented by the pleadings or whether all of the matters of defense as raised by defendant are barred by reason of prior adjudication was presented to the court upon plaintiffs' motion. Judgment was for plaintiffs; defendant appeals.

The declaration alleges that on September 7, 1923, defendant and his wife and August R. Johnson, a widower, gave a mortgage to the Federal Land Bank of St. Paul, Minnesota, upon the lands in question in the instant case; that the mortgage was recorded September 19, 1923; that default was made as to payments; that foreclosure by advertisement occurred

on January 24, 1931; that on foreclosure sale on April 28, 1931, the premises were sold to the Federal Land Bank of St. Paul in three separate parcels; that there was no redemption; that defendant's wife Cecilia died subsequent to the execution of the mortgage; that on March 6, 1933, defendant entered into a lease of the premises with the bank for the period, March 15, 1933, to January 1, 1934, for $600 rental; that on March 22, 1934, the Federal Land Bank of St. Paul assigned to plaintiffs the bank's right, title and interest in the lease and by land contract plaintiffs are vendees of the interest of the bank in the premises; that on March 1, 1934, defendant entered into a lease with plaintiffs for $500 a year rental, which lease was recorded in the register of deeds office on April 28, 1934; that upon the expiration of that lease, another written lease was made for $500 per year rental, which in turn was followed by a lease with contract to purchase dated February 25, 1936, for the term from March 1, 1936, to February 3, 1937, at $500 a year annual rental, in which latter lease defendant's son, Clarence H. Johnson, was also a co-lessee. Plaintiffs further allege that at the expiration of the last-mentioned lease, they entered into a lease agreement with the son, Clarence H. Johnson, for the term of one year, but that during the year Clarence H. Johnson left the neighborhood and defendant Francis W. Johnson took possession of the lands. The declaration further alleges that on February 11, 1938, plaintiffs were awarded a writ of restitution by a circuit court commissioner in proceedings in which defendant Johnson was represented by counsel.

It further appears from the declaration and from plaintiffs' statement of title, in which the file in a chancery suit brought by defendant against plaintiffs and Federal Land Bank of St. Paul was re-

ferred to, and from the recitals in the opinion and decree signed by the trial judge in the instant case (who evidently had the file in the chancery case before him) that on June 6, 1938, a bill of complaint was filed by Francis W. Johnson, defendant herein, against the plaintiffs and the Federal Land Bank of St. Paul, and that in said bill of complaint the defendant herein (plaintiff in that suit) assailed the mortgage foreclosure on the ground there was no default in fact at the time of the foreclosure, but that in a later part of the said bill of complaint defendant Johnson admitted that he was in default in the payment of taxes and a small payment on the mortgage indebtedness, "including unpaid taxes which were paid by the mortgagee." The following is taken from the finding in the chancery case:

"The sheriff's deed was issued upon and bears date April 28, 1931. The year of redemption expired April 28, 1932. There was no redemption by the plaintiff or by anyone in his behalf. Under 3 Comp. Laws 1929, § 13964 (Stat. Ann. § 27.593), the five-year period of limitations applicable to sheriff's deeds expired April 28, 1936, nearly two years prior to the commencement of this suit. This is a statute of repose. One may not rest upon their rights beyond the five-year period and then come into court to set aside the deed either for defects concealed or appearing upon the face of the proceedings. *Toll* v. *Wright,* 37 Mich. 93. * * * The plaintiff assails the statutory foreclosure only upon one ground: namely, that there was no default in fact at the time the foreclosure was begun and that, without default, under the statute, no foreclosure may be had. If this were true, then the plaintiff was advised of the foreclosure of the mortgage as stated in the bill, by defendant Clay F. Olmstead, after April 28, 1932, and it was his duty to investigate and act within a reasonable time after the receipt of such notice. He

did not do so but continued to occupy the premises under written leases with the defendant year after year and made no attempt to question or assail the regularity of the foreclosure proceedings or the validity of the sheriff's deed. The statute is operative against him and he cannot now be heard to complain.''

The controlling portion of the decree in the chancery case, entered on October 11, 1938, is as follows:

"In this cause, on reading and filing defendants Olmstead's motion to dismiss because of various reasons therein alleged, after argument of counsel for the respective parties, and the court being fully advised in the premises, and it appearing that, among other things, the cause of action alleged in the bill of complaint filed in this cause, if any there be, is barred by lapse of time and the statute of limitations of this State in such case made and provided, and especially by 3 Comp. Laws 1929, § 13964, subsection 1, and said suit should be dismissed;

"Therefore, it is ordered that said motion be, and the same hereby is, granted and the said suit dismissed as to all parties thereto.''

It further appears that no appeal was ever taken from that decree dismissing the bill of Johnson (defendant in the instant case).

The declaration further alleges that the defendants (including Johnson, defendant in the instant case) in a case pending before a circuit court commissioner appeared in that proceeding and by written stipulation dated February 21, 1940, admitted they were unlawfully withholding possession of said premises from the plaintiffs and confessed the truth of the complaint and that thereafter defendant Johnson and plaintiffs entered into a new lease for said lands on April 19, 1940, for a period ending December 1, 1940, which lease contained the statement:

"Second party does herewith disclaim any interest in and to said premises other than as lessee hereunder, and does further represent and acknowledge that neither Fred Johnson, his brother, nor any of his children, have or claim any right, title or interest in and to said premises now or hereunder."

In his answer in the instant case, defendant Johnson pleads inability to make full and complete answer from memory; claims there were mortgages against the premises which he could not pay off; claims misrepresentation as to the description; denies that default was made in the payment of the promissory (mortgage) note but says that he has paid plaintiffs ample moneys which if applied properly would pay the note of the Federal Land Bank and that he had actually overpaid the mortgage; admits a pretended foreclosure but says there was no jurisdiction to make the foreclosure because there was no default; neither admits nor denies the allegations of the declaration as to the certificate of the sheriff of Mason county (as to foreclosure sale); admits he did not redeem the land and claims he had no occasion to do so because the foreclosure was void; claims he has never been out of the possession of the premises involved and that he has always maintained possession thereof at all times against the plaintiffs and all other persons, and that any negotiations that he has had or instruments which have been signed by him have been on the representation that they were continuances and extensions of the mortgage which he originally gave to the bank; denies that he recognized the plaintiffs as owners of the premises; denies the jurisdiction of the circuit court commissioner of Mason county (to issue a writ of restitution); claims that any leases or contracts or other writings were for the purpose of continuing the mortgage of defendant and for no

other purpose and that defendant relied upon plaintiff Clay F. Olmstead as to the nature of the papers. Defendant Johnson admits the filing by him of the bill of complaint in chancery, denies he was delinquent in payment of taxes, admits the bill of complaint was dismissed substantially as claimed in plaintiffs' amended declaration, admits that he took no appeal from the decree dismissing his bill of complaint. Defendant Johnson admits that some instruments were obtained from him by the plaintiffs in this case by threats, undue influence and while he was under duress, and that any instrument of the kind described as a quitclaim deed to plaintiffs of his rights in said lands was void by reason of threats and by reason of undue influence exerted over him by Clay F. Olmstead. Defendant Johnson admits some proceedings were had before the circuit court commissioner as claimed by plaintiffs, but denies that he ever admitted that plaintiffs had legal title to the premises.

Defendant Johnson in his answer to questions involved denies that the order of the circuit court in chancery dismissing his bill of complaint attacking affirmatively the Federal Land Bank's mortgage foreclosure is *res judicata* so as to bar defendant Johnson from raising the question of the invalidity of such foreclosure and further claims that the five-year statute of limitations which bars an affirmative action against the title of the plaintiffs does not bar defendant Johnson from his right to use the same affirmative matter in the defense of plaintiffs' action in ejectment.

We determine that the five-year period of limitation bars defendant Johnson's defense in this case as effectively as it barred his prosecution of his chancery action as plaintiff in that action. *Toll* v. *Wright,* 37 Mich. 93.

The judgment of the equity court in dismissing the bill was upon admitted matters of substance and merit, that is, the foreclosure sale, the issuance of the sheriff's deed and the lapse of more than five years from the expiration of the period of redemption. The decree specifically pointed out the statute of limitations as the basis for the determination that the matters in Johnson's bill of complaint were barred. Defendant Johnson is thus barred from his defense in the instant case so far as concerns the claim that the foreclosure sale was not well founded on default in payments. For a discussion of the nature and effect of decree on demurrer (now motion to dismiss), see *Palchi* v. *Robbins*, 272 Mich. 411; *Hoffman* v. *Silverthorn*, 137 Mich. 60.

Defendant Johnson failed to include in his chancery bill the claims of fraud now set up by him as a defense to the instant ejectment case, in which defendant in his answer advances the claims of fraud as a defense against a deed claimed by plaintiffs to have been executed by defendant to plaintiffs dated December 21, 1938, and further as a defense against both the stipulation of February 21, 1940, and another stipulation dated March 15, 1941, which stipulations are inconsistent with defendant's defense to the instant case. Defendant claims the fraud consisted in representing to defendant that he had been in default in his mortgage and that there was no money in the hands of plaintiff Clay F. Olmstead to make payment of taxes and instalments on the mortgage and in representing to defendant that he had been divested of title by legal proceedings, whereas in fact he was not in default as to the mortgage and there was money in the hands of plaintiff Clay F. Olmstead to pay taxes and instalments and that defendant had not in fact been divested of title by legal proceedings. Defendant is clearly barred

from relying on such claims of fraud as to the matter of default on the mortgage and as to whether plaintiff Clay F. Olmstead had money in his hands to make payments because those matters pertain to the regularity and validity of the sheriff's deed. The defense that defendant Johnson was induced by fraud to sign the stipulations dated February 21, 1940, and March 15, 1941, can be of no avail to defendant because we determine that the sheriff's deed divested defendant of his title. The later quitclaim deed and stipulations are not indispensable to plaintiffs in proving their title. We deem defendant barred from his defense of fraud and duress.

It is noted that redemption from the sheriff's sale expired April 28, 1932, and that defendant Johnson's answer in the instant case was filed February 5, 1945.

We further conclude that the record title of plaintiffs is perfect, under the pleadings in this case. Defendant's claim as to fraud, even if it had been seasonably urged, could have been cognizable only in the equity court. The rule in Michigan excludes in ejectment all defenses that are not legal. *Harrett* v. *Kinney,* 44 Mich. 457, 460. See, also, *Moran* v. *Moran,* 106 Mich. 8, 12, 13 (58 Am. St. Rep. 462); *Paldi* v. *Paldi,* 95 Mich. 410; *Bliss* v. *Slater,* 144 Mich. 648.

The judgment in favor of plaintiffs is affirmed. Costs to plaintiffs.

STARR, C. J., and NORTH, CARR, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.