GILFORD *v.* WATKINS.

1. APPEAL AND ERROR—EJECTMENT—DELAY.
    Determination of issues presented on appeal in action of eject-
        ment is made, notwithstanding the lapse of considerable
        time in the various steps taken in the court below and on
        appeal, where the appeal has not been challenged by reason
        of such delay.

2. VENDOR AND PURCHASER—POSSESSION—PURCHASER'S ASSIGNEE.
    Party who acquired the purchaser's interest under an oral land
        contract and went into possession was not a trespasser upon
        the property, where the purchaser had been put into posses-
        sion by the vendor.

3. EJECTMENT—EQUITABLE RIGHTS OF DEFENDANT.
    No cognizance is taken of a defendant's equitable rights in an
        action of ejectment.

4. VENDOR AND PURCHASER—TITLE—PAYMENT OF PURCHASE PRICE.
    The vendee in a land contract is vested with the equitable
        title in the land and the legal title remains in the vendor
        and is held as security for the purchase price, upon pay-
        ment of which the vendee is entitled to a conveyance of the
        legal title.

5. EJECTMENT—EQUITABLE DEFENSES.
    An equitable title cannot be set up as a defense in an action
        of ejectment as all defenses that are not legal defenses are
        excluded.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error §§ 298, 859.
[2] 55 Am Jur, Vendor and Purchaser §§ 5, 420 *et seq.*
[3, 5] 18 Am Jur, Ejectment §§ 60–62.
[4] 55 Am Jur, Vendor and Purchaser §§ 355, 356.
[6] 18 Am Jur, Ejectment §§ 40, 52 *et seq.*
[7] 3 Am Jur, Appeal and Error § 1163.

6. SAME—TITLE—POSSESSION.
    Plaintiff in action of ejectment was entitled to judgment, where
    valid legal title in plaintiff was admitted and defendant
    failed to establish either ownership or his right to possession.

7. APPEAL AND ERROR—NONJURY ACTION OF EJECTMENT—CLEAR
    PREPONDERANCE OF THE EVIDENCE.
    The Supreme Court will affirm the finding of the trial court in
    a nonjury action of ejectment unless the finding is against
    the clear preponderance of the evidence.

Appeal from Charlevoix; Gilbert (Parm C.) and Brown (Charles L.), JJ. Submitted April 5, 1955. (Docket No. 15, Calendar No. 45,608.) Decided June 6, 1955.

Ejectment by Fred A. Gilford and Joseph M. Spalter against Donald Watkins, brought to recover lands which were the subject of negotiations and land contract in which third party was participant. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Albert T. Washburne,* for plaintiffs.

*Guy C. Conkle, Jr.,* for defendant.

SMITH, J. This is an action of ejectment. The decision of the trial court was in favor of plaintiffs. Judgment was entered thereon, granting plaintiffs possession of certain premises in Boyne City. Motions for new trial and to set aside judgment were denied, appellant taking a general appeal therefrom. The record discloses that considerable time has elapsed in the various steps taken, both in the court below and on appeal, a practice we do not condone, but the appeal has not been challenged by reason thereof and we will proceed to a determination of the issues presented.

The appellant's principal contention is that the court erred as a matter of law and fact in finding that plaintiffs were entitled to possession of the property. A statement of the material facts involved is therefore necessary.

The plaintiffs had acquired title to the lands in question by warranty deed on April 10, 1943. They subsequently appointed one John Wilkinson of Chicago, Illinois, their agent to sell the property. In August, 1943, he negotiated with, and orally agreed to sell to, Fred Binder and his wife of Detroit. The consideration was a cash payment of $3,150. The Binders tendered, as down payment, a check in the sum of $500, which was accepted and cashed by the agent. They then went into possession of the property, having been given the key to the premises by the agent. Subsequently, and in the month of August, 1943, the Binders contracted to sell the property to defendant Watkins by a written contract. On August 27, 1943, defendant notified the agent of the plaintiffs in writing that he had acquired the interest of the Binders and requested that the abstract of title be sent to the Charlevoix State Savings Bank to be held in escrow and, if title was found to be satisfactory, that the balance of $2,650 would be paid directly to the agent by the bank. Defendant further requested that the deed be made out directly to him. Agent Wilkinson acknowledged this letter, stating that he saw no objection to Binder's transfer of his interest, providing he was satisfied as to the consideration, and stated that the deed would be made out as requested. It should be noted that defendant's letter to Wilkinson did not disclose that the terms of the Binder-Watkins deal were materially different from those of the plaintiff-Binder transaction in that the former purported to provide for transfer of title upon Watkins' completion of

FHA financing, "a time limit of 90 days, or as long after as would be necessary."

On September 1, 1943, a deed to the property and the abstract of title were forwarded to the bank by plaintiffs' attorneys, with a covering letter relating to the escrow agreement, which made the requirement of immediate payment. In due course the bank acknowledged receipt of the deed and abstract of title, but notified plaintiffs' attorneys that, although their letter stipulated immediate payment, "the transaction needs to be held open pending certain mortgage arrangements." To this communication plaintiffs' attorneys replied, on September 23, 1943, that the deed and abstract of title were delivered to the bank upon condition that payment was to be made immediately, and they requested either the return of the deed, or payment. This letter also terminated, as of September 25, 1943, the bank's authority to deliver the deed. On such date the deed was returned by the bank to plaintiffs' attorneys, with the comment that the abstract disclosed doubtful title and that the defendant had a contract with the Binders, which gave defendant 90 days within which to consummate the transaction. The bank also sent plaintiffs, on October 7, 1943, an opinion of title as to the property. Thereafter, and on November 15, 1943, agent Wilkinson wrote Binder, stating that the agreement had been that Binder was to pay the balance within 30 days thereof, or as soon as title was delivered, that he, Wilkinson, had made no deal with the defendant Watkins. He demanded return of the key and also stated, in substance, that if Binder did not "straighten out the mess (he had) created in Boyne City in connection with this matter" that the matter would be turned over to attorneys and the $500 deposit retained as liquidated damages.

Correspondence continued between Binder, Wilkinson and the defendant in regard to the property. It was lengthy and we will not summarize. The result was that the parties were unable to straighten out their difficulties and the correspondence terminated on June 22, 1944. On July 21, 1944, plaintiffs commenced an action in ejectment which resulted in judgment for plaintiffs as aforedescribed.

Despite the profusion of offers and counteroffers between the parties, Wilkinson and Binder, Binder and Watkins, and Watkins and Wilkinson, extending over a period of several months and through some 25 written exhibits, as they attempted to work out their problems, certain facts emerge with clarity from the record as a whole. It is clear that plaintiffs orally agreed to sell their property to the Binders for cash, which cash they have never received from anyone, Binders or the defendant. Clear, also, is the fact that, regardless of whether or not the offer to the Binders was withdrawn in fact or by operation of law at any earlier date, it was definitely and unequivocally withdrawn on December 23, 1943, when plaintiffs' agent wrote to Binder:

"We have never had a contract so I am through with this entire mess, and as stated above, if I do not hear from you immediately, I shall not consider your purchaser or anyone else in this matter."

So far as the record discloses, the immediate response demanded was not forthcoming. Defendant Watkins himself seems finally to have recognized the futility of placing any further reliance upon the plaintiff-Binder transaction, for, on April 23, 1944, he wrote Wilkinson in part:

"I want you to know that I feel nothing can be done with Binder and I am willing to forget him if we can get together on some kind of deal."

He also, in this letter, suggested a purchase of the property on land contract from plaintiffs. No agreement was ever concluded between the parties on this basis.

We are not unaware of, or insensitive to, the argument that defendant, in the light of all the circumstances, may have certain equities, although we are expressing no opinion thereon. He did not, it is clear, enter upon the property as a trespasser, and, for reasons not made clear on the record, he has been permitted to remain there for the past 12 years. This, however, is an ejectment action, not a bill in chancery. It is well settled that in an action of ejectment, we do not take cognizance of defendant's equitable rights. As we said in *Barker* v. *Klingler,* 302 Mich 282, 288:

"It is well settled in this State that the vendee in a land contract is vested with the equitable title in the land, and that the legal title remains in the vendor and is held as security for the payment of the purchase price of the land, upon the payment of which the vendee is entitled to a conveyance of the legal title. *Hooper* v. *Van Husan,* 105 Mich 592; *Stevens* v. *DeBar,* 229 Mich 251; *In re Estate of Jeffers,* 272 Mich 127; *Lutz* v. *Dutmer,* 286 Mich 467. Plaintiffs' rights, if any, under the land contract were equitable.

" 'Nothing is better settled in this State than that in an action of ejectment an equitable title cannot be set up as defense against a legal title. *Buell* v. *Irwin,* 24 Mich 145; *Ryder* v. *Flanders,* 30 Mich 336; *Harrett* v. *Kinney,* 44 Mich 457; *Geiges* v. *Greiner,* 68 Mich 153.' *Michigan Land & Iron Co.* v. *Thoney,* 89 Mich 226, 231, 232.

"See, also, *Thompson* v. *Doore,* 269 Mich 466.

"Plaintiffs' equitable title under the land contract cannot be enforced in this action against defendants who have shown a prior legal title."

In *Lundberg* v. *Wolbrink,* 331 Mich 596, the trial court in an ejectment action applied equitable principles and sustained an equitable defense raised by the defendant. In reversing this judgment, we said at page 599 that:

"In the case at bar, plaintiffs brought their action in ejectment. Defendants filed an answer claiming an equitable defense. The trial court found that defendants were not guilty of unlawfully withholding from plaintiffs the possession of the premises described in plaintiffs' declaration. The judgment of the trial court is based upon an application of equitable principles. This may not be done in an ejectment case."

This Court in *Olmstead* v. *Johnson,* 313 Mich 57, 65, also stated, and quoted authority to the effect, that:

"The rule in Michigan excludes in ejectment all defenses that are not legal. *Harrett* v. *Kinney,* 44 Mich 457, 460. See, also, *Moran* v. *Moran,* 106 Mich 8, 12, 13 (58 Am St Rep 462) ; *Paldi* v. *Paldi,* 95 Mich 410; *Bliss* v. *Slater,* 144 Mich 648."

An examination of the record indicates that the record title of plaintiffs is prima facie sufficient to entitle them to judgment. The questions propounded and argued by defendant claiming error on the part of the trial court in finding that no contract existed between either the defendant, or his assignor, and the plaintiffs, are not justified by the record. The trial court made no specific finding as to the contractual relationship of the parties. The decision of the court is as follows:

"This is an ejectment cause. The title of plaintiffs is admitted upon the record to be valid.

"The court is of the opinion that the proofs do not establish the right of the defendant to have or hold

the premises. Neither ownership nor right to possession is satisfactorily proven."

In a nonjury action of ejectment, unless the finding of the trial court is against the clear preponderance of the evidence, this Court will affirm. *Hamilton* v. *Weber,* 339 Mich 31. We are constrained to hold that the judgment of the trial court must be affirmed. Costs to plaintiffs.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.