WILLIAM WARD v. THE CITIZENS' BANK ·[OF MARQUETTE]
AND CHARLES CROWLEY.

*Sale of real estate on execution—Notice of levy—Limitation on judgments.*

Where notice of a levy on real estate is filed under Act 5 of 1875, a delay
of five years in making sale does not avoid the levy if the judgment
creditor has acted in good faith; and a levy and sale made meanwhile
cannot affect it.

The judgment of a court of record in Michigan is good for ten years.

Appeal from Marquette.   Submitted June 16.   Decided
June 22.

BILL to set aside a levy.   Defendants appeal.   Reversed;
bill dismissed.

*E. J. Mapes* and *F. O. Clark* for complainant.   The lien
created by a levy is suspended by a direction not to sell:
Freeman on Executions § 206 ; *Ross v. Weber* 26 Ill. 221 ;
*Truitt v. Ludwig* 25 Penn. St. 145 ; *Kellogg v. Griffin* 17
Johns. 274; *Ball v. Sheel* 21 Wend. 222 ; *Bayly v. Bun-
ning* 1 Lev. 174; *Eberle v. Mayer* 1 Rawle 366 ; *Hickman
v. Caldwell* 4 Rawle 376 ; *Kauffelt's Appeal* 9 Watts 334 ;
*Com. v. Stremback* 3 Rawle 341 ; *Lowry v. Coulter* 9 Penn.
St. 349 ; *Wood v. Gary* 5 Ala. 43 ; *Branch Bank v. Brough-
ton* 15 Ala. 127 ; *Wise v. Barry* 9 Mo. 131 ; *Albertson v.
Goldsby* 28 Ala. 711 ; *Knower v. Barnard* 5 Hill 377 ;
*Hickok v. Coates* 2 Wend. 419 ; *Rew v. Barber* 3 Cow. 272 ;
*Lovick v. Crowder* 8 B. & C. 132 ; *Slocomb v. Blackburn*
18 Ark. 309 ; *Mickie v. Planters' Bank* 4 How. (Miss.) 130.

*Dan. H. Ball* for defendants.   The doctrine of dormant
executions applies only to personal property: Freeman on
Judgments § 383 ; *Muir v. Leitch* 7 Barb. 341 ; delay in
selling on execution does not defeat a lien on land ; *Locke v.
Coleman* 2 T. B. Mon. 12 ; a judgment lien cannot be dis-
placed by a sale under any later lien : *Marshall v. McLean*

3 Greene (Ia.) ,363; *Littlefield v. Nichols* 42 Cal. 372;. *Lathrop v. Brown* 23 Iowa 40; *Bruce v. Vogel* 38 Mo. 100; *Rankin v. Scott* 12 Wheat. 177; Freeman on Judgments. § 196.

COOLEY, J. The bill in this case is filed to obtain a perpetual stay of execution on a judgment obtained by the defendant, the Citizens' Bank, against the Marquette & Pacific Rolling Mill Company. The facts are simple and not controverted.

On January 19, 1873, the Citizens' Bank recovered judgment against the Rolling Mill Company for upwards of $10,000. Execution was not taken out on the judgment until October 13, 1875, when it was delivered to the sheriff and by him levied upon real estate belonging to the defendant therein. On making the levy, the sheriff filed a notice thereof with the register of deeds in compliance with the statute (Public Acts 1875, p. 3), which provides that "no levy by execution on real estate, made after this act shall take effect as a law, shall be valid against *bona fide* conveyances made subsequent to such levy, until a notice thereof containing the name of the parties to the execution, a description of the premises levied upon, and the date of such levy, shall be filed by the officer making the same, in the office of the register of deeds of the county where the premises are situated; and such levy shall be a lien thereon only from the time when such notice shall be so deposited." The lands were at that time subject to a mortgage of uncertain amount, and the officer, instead of proceeding to a sale, awaited the orders of the plaintiff's attorney.

Three other judgments were subsequently recovered against the Rolling Mill Company as follows: By Gilliland and others, August 29, 1876, by Brenneman & Ward, November 20, 1876, and by Robinson & Lea, January 22, 1877; the three aggregating about eleven thousand dollars. Upon these executions were taken out in February, 1877, and levied upon the same lands above mentioned. The levy was followed by a sale in October, 1877, and William H.

Parks became the purchaser. His certificate of purchase was at once assigned to complainant, who received a sheriff's deed in completion of the sale in January, 1879. In October, 1879, the sheriff, under directions from the attorney for the bank, proceeded to advertise the lands for sale on its judgment. The bill in this case was then filed to restrain any sale, and to have the lien claimed by the bank declared null and void as against complainant.

It is averred in the bill that neither Parks at the time of his purchase nor complainant when he took an assignment from Parks, had any actual notice of the bank levy. They had constructive notice, however, from the notice in the register's office; and this for all the purposes of this suit was as effectual as would have been actual knowledge. The case, then, must turn exclusively upon the effect of the long delay in proceeding to a sale under the first levy.

Many cases are cited by counsel for complainant which hold that when the officer levies upon personal property and then, instead of proceeding to a sale, allows the property to remain in the debtor's hands, the effect is that the lien of his levy is suspended. These are no doubt proper decisions; for the effect of such proceedings is to mislead other creditors, and to defraud them if the levy is still effectual. But they have no application to the case of a levy on land of which the statutory notice is given. This notice in the case of real estate answers the same purpose as the taking possession of the property in the case of personalty; and no one when the notice is on file need be misled.

It is also urged on the part of the complainant that a levy thus made and allowed to stand may be used for the fraudulent purpose of assisting the debtor in hindering and delaying other creditors in the collection of their demands. This is possible, perhaps, under some circumstances; but there is nothing in this case to indicate any such purpose. The evidence tends to show that the officers of the bank delayed proceeding to a sale under some expectation of receiving their money without; and no ground is furnished by the evidence for suggesting collusion with the judgment debtor.

Under our statute the life of a judgment in a court of record is ten years. *Parsons v. Wayne Circuit Judge* 37 Mich. 287. We know of no ground for holding a levy duly made and notified void from the mere lapse of less than half this time. The good faith of the bank is not successfully assailed in this case; and we are therefore of opinion that there was no ground for setting aside its levy.

The decree must be reversed, and the bill dismissed with costs of both courts.

The other Justices concurred.