PETERS *v.* UNION TRUST CO.

BANKS—INSOLVENCY—COMMINGLING OF SAVINGS AND COMMER-
CIAL DEPOSITS—RIGHTS OF SAVINGS DEPOSITORS TO MORTGAGES.
    Under 2 Comp. Laws, § 6118,—providing that a bank doing
    a commercial and a savings business shall keep separate books
    for each kind of business, and that all investments for the
    savings department shall be kept distinct from other business,
    and, together with the unloaned savings deposits, shall be
    held solely for the payment of the savings depositors,—where
    such a bank becomes insolvent, and it appears that there has
    been a commingling of the funds, but the books show the
    amount received by the savings department, and the reports
    to the banking commissioner show the amount of savings
    deposits invested in bonds and mortgages, such securities
    should be held for distribution to the savings depositors,
    except where it may be shown that any such mortgages were
    taken in payment of commercial loans.

Appeal from Wayne; Donovan, Hosmer, Carpenter,
and Brooke, JJ.  Submitted June 5, 1902.  (Docket No.
58.)  Decided July 22, 1902.

Petition by Ernestine Peters against the Union Trust
Company, receiver of the City Savings Bank of Detroit,
and Harris & Throop, representing the commercial depos-
itors of said bank, to establish a preference in certain
securities in favor of the savings depositors.  From a
decree for petitioner, defendants appeal.  Modified and
affirmed.

*Barnes & Stowers* (*Alfred Lucking*, of counsel), for
petitioner.

*Washington I. Robinson, Byron R. Erskine, Fitz Ger-
ald & Barry, H. E. Spalding,* and *Michael Brennan,*
for commercial depositors.

MONTGOMERY, J.  In this proceeding the City Savings

Bank has been found insolvent, and a receiver appointed to take charge of its assets and distribute the same among the creditors. The petitioner was a depositor in the savings department of the bank, and in this petition asks that, in the distribution of the assets, the investments made of the funds deposited with the savings department be held solely for the benefit of the depositors of savings funds; and the sole question presented is whether there are any assets as to which petitioner is entitled to this preference.

Section 27 of the general banking law (2 Comp. Laws, § 6116) provides as follows:

"A savings bank shall keep on hand at least fifteen per cent. of its total deposits.   *   *   *   Three-fifths of the remainder of its savings deposits shall be invested by the board of directors in bonds of the United States or of this State, or in the bonds of any other State of the United States,  *   *   *  or in the public debt or bonds of any city,  *   *   *  or upon notes or bonds secured by mortgage lien upon unincumbered real estate," etc.

And section 29 of the banking law (2 Comp. Laws, § 6118) reads:

"Any bank combining the business of a commercial bank and a savings bank shall keep separate books of account for each kind of business: *Provided,* that all receipts, investments, and transactions relating to each of said classes of business shall be governed by the provisions and restrictions herein specifically provided for the respective kinds of banks: *And provided further,* that all the investments relating to the savings department shall be kept entirely separate and apart from the other business of the bank, and that the fifteen per cent. reserve, required by the provisions of this act to be kept on the savings deposits, shall be kept separate and distinct from the reserve required on the commercial deposits, and that such portion of said savings deposits as are on hand unloaned, or deposited with other banks or reserve agents, and the investments made with the funds deposited by savings depositors, shall be held solely for the payment of the depositors of said funds."

These provisions are not ambiguous. They are perfectly clear. And we agree with the learned judges of the circuit

court, who heard this case below, that the question of convenience in banking, or inconvenience resulting from the enforcement of the law, can in no way concern us, if we ascertain the legislative intent, and that we are bound to enforce the law as we find it upon the statute books. The difficulty in this case arises from a claimed inability to follow the particular funds which were received as savings deposits. It is undoubtedly true that there was a commingling of funds. But the books of the bank always showed the amount which had been received by the savings department. From time to time, reports were made to the banking commissioner, showing that the savings funds had been invested in mortgages and bonds to the amount of about $1,000,000. It also appears from the testimony of Mr. Muer that the real-estate loans were conducted through and carried in the savings department, and so reported to the banking commissioner. It appeared by the testimony of the cashier that this was true not only of the real-estate securities, but of the bonds, amounting to about $100,000. The rest of the savings-department deposits were invested in commercial securities. So long as it is entirely possible to trace the fund which was invested in these securities as a fund derived from the savings department, we think there is no difficulty in saying that it should be impressed with a trust in favor of the savings depositors. See *Ledyard* v. *Hibbard*, 48 Mich. 421 (12 N. W. 637, 42 Am. Rep. 474); *Sherwood* v. *Bank*, 103 Mich. 109 (61 N. W. 352); *Board of Fire & Water Com'rs of Marquette* v. *Wilkinson*, 119 Mich. 655 (78 N. W. 893, 44 L. R. A. 493).

The point is made that some of the commercial loans were secured by mortgages, and afterwards the mortgages accepted in satisfaction of the loans; and it is said, as to these securities, that they had not their origin in a loan of funds from the savings department, but from the commercial department of the bank, and should be so treated. We think this point is well taken, and that the case should be remanded, with leave to the receiver to apply to the

court for direction regarding any mortgages claimed to fall within this class. In all other respects the order of the circuit court, which provided that the real-estate securities and bonds be applied to the savings deposits, and that, as to the excess of savings deposits over and above these securities, the depositors should share with the commercial creditors, will be affirmed, and the case remanded for further proceedings. No costs will be awarded on this appeal.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.