BLISS *v.* SLATER.

1. EXECUTION—LEVY—LIEN—CONTINUANCE—LIMITATION—TIME FOR SALE.
   An execution levy remains a lien only for five years (§ 9233, 3 Comp. Laws), and a sale made under a levy after the expiration of that period will not defeat the title obtained under a deed executed by the execution debtor subsequent to the levy.

2. EJECTMENT—ISSUES—PLAINTIFF'S TITLE.
   Where plaintiff in ejectment shows a title perfect on the record, such title cannot be attacked by evidence that the deed under which he holds was executed in fraud of the grantor's creditors.

Error to Saginaw; Beach, J. Submitted February 16, 1906. (Docket No. 186.) Decided July 3, 1906.

Ejectment by Aaron P. Bliss against Daniel H. Slater and others. There was judgment for plaintiff on a verdict directed by the court, and defendants bring error. Affirmed.

*Harris & Kendrick*, for appellants.

*James H. Davitt*, for appellee.

MOORE, J.. This action is ejectment. The lands in question were formerly owned by Silas W. and Fred B. Tyler, from whom both parties claim to derive title; the plaintiff, under their deed to him, made May 27, 1897, and recorded two days later; the defendants, through a sheriff's sale made May. 31, 1902, under an execution against the Tylers in favor of Daniel H. Slater, which was issued and levied May 7, 1897. All of the defendants rely upon this deed to Mr. Slater, and the chief question here is whether or not he acquired any title under it, as against the plaintiff, who bought 20 days after the levy was made and 5 years and 4 days before the execution sale. The circuit judge held Mr. Slater acquired no title, and directed a verdict in favor of plaintiff. The case is brought here by writ of error.

Section 9233, 3 Comp. Laws, reads:

" That each and every levy by execution on real- estate heretofore made shall cease to be a lien on such real estate at the expiration of five years from the time when this act shall become a law, unless such real estate be sooner sold thereon; and all liens by execution on real estate hereafter to be made shall become and be void at and after the expiration of five years from the making of such levy, unless such real estate be sooner sold thereon." ·

Counsel for defendants say that the judgment and the execution remained, and that therefore the sale should be upheld, citing *Ward* v. *Citizens' Bank*, 46 Mich. 332, and *Ludeman* v. *Hirth*, 96 Mich. 19. An examination of these cases will disclose that the execution sales therein were made before section 9233, 3 Comp. Laws, as it now

reads was enacted. The language of the statute is not ambiguous, and we think it should be given effect. *Stearns* v. *Perrin*, 130 Mich. 456; *Peters* v. *Trust Co.*, 131 Mich. 322. If the lien, established by making the levy before the deed to plaintiff, became void because of a failure to make a sale thereunder, it is difficult to see how plaintiff's deed could be defeated by a sale under the execution levy made after the lien created by the levy had by virtue of the statute become void.

Error is assigned because the court said to counsel that he did not think it competent in this action to call witnesses to show that the deed was fraudulent as to creditors. Without discussing whether the record is in shape to properly present the question, it may be said that the title of the plaintiff was upon the record perfect, and it could not be attacked, for the reasons stated, in an ejectment suit. See *Moran* v. *Moran*, 106 Mich., at page 10; *Daniel* v. *Palmer*, 124 Mich. 335; *Spring* v. *Raymond*, 134 Mich. 84.

Judgment is affirmed.

MCALVAY, GRANT, MONTGOMERY, and HOOKER, JJ., concurred.