## CAMPAU *v.* FLEISCHER.

1. FRAUDULENT CONVEYANCES—BILL IN AID OF EXECUTION.
   That a bill in aid of execution was not filed within one year after the levy, as required by 3 Comp. Laws 1915, § 12897, as amended by Act No. 215, Pub. Acts 1917, if properly raised, is fatal.[1]

2. PLEADING—AMENDMENT—CREDITORS' SUIT. .
   It appearing on the face of the bill in aid of execution that failure to raise the question that the bill was not filed within one year after the levy, as required by 3 Comp. Laws 1915, § 12897, as amended by Act No. 215, Pub. Acts 1917, was due to inadvertence and oversight of counsel, an amendment to the answer should have been allowed and the bill dismissed.[2]

Appeal from Wayne; Barton (Joseph), J., presiding. Submitted April 14, 1926. (Docket No. 85.) Decided July 1, 1926. .

Bill in aid of execution by Daniel J. Campau against Louis H. Fleischer and another. From a decree for plaintiff, defendants appeal. Reversed, and bill dismissed.

*Thomas A. E. Weadock,* for plaintiff.

*Rhodes, Garvett & Frankel,* for defendants.

CLARK, J. Plaintiff, having judgment, caused a levy to be made on July 3, 1920, on real estate owned by defendants as husband and wife. This bill in aid of execution was filed April 3, 1924, and it showed on its face that it had not been filed within one year after levy as required by section 12897, 3 Comp. Laws 1915, as amended by Act No. 215, Pub. Acts 1917 (Comp.

[1]Fraudulent Conveyances, 27 C. J. § 649; [2]Equity, 21 C. J. § 646.

Laws Supp. 1922, § 12897). This question was not presented by the answer of defendants. During the hearing counsel for defendants sought by motion in writing to amend the answer and thus to raise the question. The motion was denied. Plaintiff had decree. Defendants have appealed.

That the bill was not filed within one year after the levy might have been pleaded by answer. *Rohrabacher* v. *Walsh*, 170 Mich. 59. The fact, if properly raised, was fatal to this proceeding. *Daniel* v. *Palmer*, 124 Mich. 335. It is patent on the record that the failure to raise it by the answer, the fact appearing on the face of the bill, was due to inadvertence and oversight on the part of defendants' counsel. The amendment should have been allowed and the bill dismissed.

It is also urged that the decree, entered June 4, 1925, contemplates sale of the property after the expiration of five years from the making of the levy, contrary to section 12899, 3 Comp. Laws 1915, and *Bliss* v. *Slater*, 144 Mich. 648, and it is also insisted that the testimony of defendant Louis H. Fleischer, the only witness sworn, though taken without objection, ought, on motion of his wife, the other defendant, to have been stricken, citing section 12555, 3 Comp. Laws 1915; *Turner* v. *Davidson*, 227 Mich. 459; *Hubbell* v. *Grant*, 39 Mich. 641, but these questions need not be discussed.

Reversed and bill dismissed; costs to defendants.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.