REICHERT *v*. FIDELITY BANK & TRUST CO.

1. Banks and Banking—Bank Single Corporation Although Having Several Departments.

   Although State bank may have three departments, commercial, savings, and trust, it is single legal corporate entity.

2. Same—Relation of Creditor and Debtor Created by Deposit as Also by Loan—Each Entitled to Set-Off.

   By deposit in bank, as also by loan, relation of creditor and debtor is created, and in both instances relation is between corporation, not department of it, and customer; accounts being mutual, and each party entitled to set-off against other.

3. Same—Right of Set-Off Valuable—Statutes Giving Preference—Construction.

   Right of set-off is valuable and should not be infringed or denied to either bank or customer unless, because of statutes giving preference to savings depositors and trust creditors in assets of respective departments, there is no alternative; and any conflict must be resolved to conserve both right and preference if it can be done.

4. Same—Statutory Preference May Not be Increased at Expense of Other Creditors.

   Although statutory preferences to savings depositors and trust creditors must be preserved, neither is entitled to greater preference than statutes give, and may not be increased at expense of creditors in another department.

5. Same—Insolvents—Receiver Must Follow Right of Set-Off.

   Rule that receiver of insolvent is merely assignee, so that choses in action pass subject to any right of set-off existing at time of his appointment, applies to receiver of insolvent bank, who must follow right of set-off when it exists.

6. Same—Customer Entitled to Right of Set-Off Under Receiver.

   Since bank, while operating, is entitled to right of cross-departmental set-off, customer is entitled to have this right preserved under receiver.

---

On right to set off insolvent's application upon a claim in the hands of receiver, see annotation in 23 L. R. A. 313; 25 L. R. A. (N. S.) 394.

7. Same—Net Assets Determined After Allowing Set-Off.
   When bank closes, duty falls on receiver to determine net assets, which he does by allowing proper set-offs.

8. Same—Adjustment of Assets Made Necessary by Set-Offs.
   If allowance of set-off results in interdepartmental disturbance, receiver, under order of court, must make adjustment of assets, which may be made by merely transferring assets represented by deposit from department to which they do not belong, because of set-off, and putting them into department of loan which is entitled to them, because of set-off, and, unless in individual case more equitable method may appear, adjustment in money is always practical.

9. Same—Adjustment Within Equity Powers of Court.
   Adjustment of assets from one department to another, as result of allowance of set-off, is within equitable powers of court, because its arm, the receiver, stands in place of the bank.

10. Same—Liquidation—Equity.
    Liquidation of affairs of insolvent bank was committed to court of equity to permit equity to be done.

11. Same—General Right of Set-Off Exists Regardless of Department.
    General right of set-off on mutual credits and debits exists between bank and customer regardless of department in which they may be carried.
    Clark, C. J., and McDonald and Wiest, JJ., dissenting.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted February 1, 1932. (Docket No. 225, Calendar No. 36,371.) Decided April 4, 1932.

Receivership proceedings by Rudolph E. Reichert, State banking commissioner, against Fidelity Bank & Trust Company. On petition by Paw Paw Savings Bank for set-off of commercial credits against note allocated to trust department. From order denying petition, petitioner appeals. Reversed.

*David Anderson,* for petitioner.

Beaumont, Smith & Harris, Nathaniel H. Goldstick and Paul J. Wieselberg, for defendants J. Walter Drake and Harry J. Fox, receivers of the Fidelity Bank & Trust Company.

Fead, J. Defendant Fidelity Bank & Trust Company, originally organized as a trust company, was authorized to conduct a general banking business, with commercial and savings departments, under 3 Comp. Laws 1929, § 12019.

For some years, petitioner, Paw Paw Savings Bank, had kept a commercial deposit account with defendant and sometimes borrowed money from it. Defendant was closed October 7, 1931, at which time petitioner owed it $10,734.35 on a note for borrowed money and had commercial credits on deposit account and certificate of $9,415.85.

When the note was given, defendant's officers "allotted and allocated" it to the commercial department, but the next day transferred it to the trust department, where it since has remained. This was done without notice to or knowledge or consent of petitioner, and was in accordance with the banking practice of daily making transfer of assets from one department to another to fulfill the statutory requirements regarding investments and reserves in different departments and to maintain the proper separation of accounts.

Petitioner claims the right to set off its credits against the note. The receiver denies the right of set-off, on the contention that allowance of a commercial department credit against a trust department note would deplete the assets of the latter department to the amount of the credit, and result in violation of 3 Comp. Laws 1929, § 12019:

"All such other securities and assets of the company shall be segregated as trust department assets

and held by the company primarily for the benefit and security of the creditors of the company in its trust department and shall be used and applied for the satisfaction of any and all such creditors before the same, or any part thereof, shall be used or applied for the benefit or security of depositors or other creditors of said company in either its commercial or savings bank business.''

To similar effect is the statute covering the savings department, 3 Comp. Laws 1929, § 11928. The commercial department is without statutory preferences on liquidation.

There are no decisions in point in. this State, and the few cases in other jurisdictions, while helpful, are not persuasive, because of difference in statutes, or in historical conceptions of banks, or for other reasons. As other questions of set-off are pending in this court, this case will be used as a vehicle for a somewhat general discussion of the right. The profession will appreciate that only mutual credits and debits, not impressed with a special contract or status, are under consideration.

Although it has three departments, an institution like defendant is a single legal corporate entity and is so dealt with by the public. By deposit, the relation of creditor and debtor is created. By loan, the relation of creditor and debtor is created. In both instances the relation is between the corporation, not a department of it, and the customer. The accounts are mutual, and each party is entitled to set-off against the other. 3 Comp. Laws 1929, § 14132; *State Banking Com'r* v. *E. Jossman State Bank,* 185 Mich. 24 (Ann Cas. 1917C, 1203); 25 A. L. R. 938, note; Ann. Cas. 1916D, 599, note.

The right of set-off is valuable and should not be infringed or denied to either bank or customer un-

less, because of the statutes giving preferences to savings depositors and trust creditors in the assets of the respective departments, there is no alternative. Any conflict must be resolved to conserve both right and preferences if it can be done.

It will be conceded that the full statutory preferences to savings depositors and trust department creditors must be preserved. Equally important, however, it must be accepted that neither is entitled to greater preference than the statutes give, and that the preference cannot be increased at the expense of the creditors in another department. Any rule which decreases or increases the statutory preference is unsound.

Set-off of a commercial deposit against a savings or trust department loan would decrease the assets of such department and decrease the preference.

Set-off of a savings or trust department deposit against a commercial loan would increase the preference in the department of deposit, by reducing the claims and leaving the assets intact, and would decrease the assets the statutes give to creditors in the commercial department.

Set-off of a savings deposit against a trust loan, or *vice versa,* would increase the preference in the department of deposit and decrease it in the department of loan.

If, however, no cross-departmental set-off at all be allowed, the preference would be unimpaired.

The effect of partial or no cross-departmental set-off should be considered. It would result in a receiver being compelled to pay dividends on a deposit although, in another department, he holds a note of the depositor which he cannot collect and would force him to take legal action to subject dividends to the loan. Worse, it would enable the

officers of an operating bank, by marks on a book, to transfer a loan to or from the department of deposit, and, thereby, to grant or deny the depositor a set-off, at their pleasure and to its advantage. The latter situation is intolerable.

It is not a good excuse for such injustice and inequity to say that the customer is presumed to know of the departmental preferences established by statute and to deal with the bank with reference to them. The customer has no power or duty to keep the books of the bank, to select the department to hold the loan nor to keep it there, nor to transfer it back and forth between departments. He deals with the bank as an entity, which it is, and its internal business is not his concern.

The allowance of set-off without infringement of statutory preferences offers no difficulties to a court of equity.

It is only the balance of the debt, after deducting the credit, which is an asset of the bank. 3 Michie on Banks and Banking, § 81.

"The rule that a receiver of an insolvent is merely an assignee, so that choses in action pass subject to any right of set-off existing at the time of his appointment, applies to the receiver of an insolvent bank, who must allow the right of set-off when it exists." 3 Michie on Banks and Banking, § 119.

"The receiver stands in the place of the bank which he represents, and has only such rights as it had, so that the rights of third parties are not increased, diminished, or varied by his appointment. He takes charge of the banking affairs where the bank left them, and takes over its assets with its concomitant burdens. In other words, he takes only such title to the assets as the bank itself had, subject to all equities which existed against the assets

in the hands of the bank.'' 3 Michie on Banks and Banking, § 96.

See, also, *Thompson* v. *Union Trust Co.*, 130 Mich. 508 (97 Am. St. Rep. 494); *Williams* v. *Johnson,* 50 Mont. 7 (144 Pac. 768, Ann. Cas. 1916D, 595).

While the bank is operating, the right to full set-off cannot be doubted. If it is a cross-departmental set-off, it is the duty of the officers to make such transfer of money or security on its books as will preserve the statutory balances. The customer is entitled to have this right of set-off preserved under a receiver.

When the bank closes, the duty falls upon the receiver to determine the net assets, which he does by allowing proper set-offs. If the allowance of set-off results in interdepartmental disturbance, the receiver, under order of the court, must exercise the power formerly held by the officers and make adjustments of assets from one department to another to preserve the statutory requirements of each. The transfer merely amounts to taking assets represented by the deposit from the department to which they do not belong, because of the set-off, and putting them into the department of loan which is entitled to them, because of the set-off. Unless, in an individual case, a more equitable method may appear, adjustment in money is always practical. By this method, the customer's right of set-off is fully protected and the statutory preference fully conserved.

Such adjustment is within the equitable powers of the court, because its arm, the receiver, stands in the place of the bank. Liquidation was committed to a court of equity to permit equity to be done. In *Peters* v. *Union Trust Co.*, 131 Mich. 322, the court made such adjustment of assets between the com-

mercial and savings departments as the situation demanded, and in *McGraw* v. *Union Trust Co.*, 135 Mich. 609, it made adjustment of liability.

We hold that the general right of set-off on mutual credits and debits exists between bank and customer regardless of the department in which they may be carried.

The order will be reversed, and set-off allowed, with costs, the court to direct the proper adjustment between departments of defendant.

POTTER, SHARPE, NORTH, and BUTZEL, JJ., concurred with FEAD, J.

CLARK, C. J. (*dissenting*). For the reasons stated by me in *Reichert* v. *Farmers' & Workingmen's Savings Bank*, *ante*, 500, the judgment should be affirmed.

McDONALD and WIEST, JJ., concurred with CLARK, C. J.