REICHERT *v.* FARMERS STATE SAVINGS BANK.

APPEAL OF WIXOM CO-OPERATIVE CO.

1. BANKS AND BANKING—RECEIVERS—SET-OFF AGAINST DEPOSIT ACCOUNT.

Bank receiver is obliged to set off amount of notes against respective deposit accounts of makers if they are depositors.

2. SAME—SET-OFF.

Without express agreement receiver may not set off one person's deposit against another person's note.

3. SAME—ACCOUNTS MUST BE MUTUAL TO JUSTIFY SET-OFF.
    To justify set-off by bank receiver, accounts must be mutual.

4. SAME—CONTINGENT LIABILITY—DIRECT LIABILITY.
    Payee indorsing notes to bank was not entitled to have them
    returned to him by bank receiver, and to have amount thereof
    charged to payee's commercial deposit account, since his lia-
    bility thereon was contingent, while that of bank to him on
    his deposit account was direct.

Appeal from Oakland; Covert (Frank L.), J. Submitted April 12, 1933. (Docket No. 48, Calendar No. 37,124.) Decided May 16, 1933.

Receivership proceedings by Rudolph E. Reichert, State banking commissioner, against Farmers State Savings Bank. On petition of Wixom Co-Operative Company to allow certain set-offs. From order denying petition, petitioner appeals. Affirmed.

*A. L. Moore,* for appellant.

*Earl L. Phillips,* for appellee receiver.

FEAD, J. Petitioner appeals from an order denying its petition to direct the receiver of defendant bank to transfer back to petitioner certain promissory notes and charge them to petitioner's commercial deposit account. The matter was heard on petition and answer.

In the course of its business, petitioner took short-time promissory notes from its customers. It indorsed to the order of, and discounted them at, defendant bank. The proceeds, at face, were credited to petitioner's checking account. It was the practice of the bank to charge the notes back to such account if they were not paid by the makers in due course. When the bank closed it held $2,090.46 of the notes and the deposit account was $3,086.01.

The receiver is obliged to set off the amount of the notes against the respective deposit accounts of the makers if they are depositors. *Reichert* v. *Fidelity Bank & Trust Co.*, 257 Mich. 535. Without an express agreement a receiver may not set off one man's deposit against another man's note. *Bromfield* v. *Trinidad National Investment Co.* (C. C. A.), 36 Fed. (2d) 646 (71 A. L. R. 542). No such tripartite express agreement was alleged as appears in the *Bromfield Case*.

To justify set-off, the accounts must be mutual. The liability of petitioner to the bank on the notes was contingent, by reason of indorsement. That of the bank to the petitioner on the deposit was direct. Consequently the accounts were not mutual and set-off could not be permitted. *Mechanics' Bank of Detroit* v. *Stone*, 115 Mich. 648, is in point.

Order affirmed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.